# SUPREME COURT.

## GEORGE F. VON BECK agt. FRANCIS C. SHUMAN.

A *judgment* entered by confession, under § 383 of the Code, which contains a *defective statement* of the alleged indebtedness, is not merely *irregular*, but is *absolutely void*.

In such a case, the court has no right to authorize a new judgment to be entered under the form of an *amendment*, which shall take priority over other judgments subsequently recovered.

That is, on a motion to set aside the judgment for such defect, although the statement may be explained, and made full and satisfactory to the court, so far as the *bona fides* of the transaction are concerned, yet the court has no authority to authorize an *amendment* so as to preserve the *lien* as of the date of the judgment. If the amendment is allowed at all, it must be without prejudice to the rights of other creditors, whose liens may have attached in the meantime. But the better practice is to *set aside the judgment* altogether, and leave the plaintiff to pursue such course thereafter to secure his debt as he may be advised. (*See Davis* agt. *Morris*, 21 *Barb.* 152, *adverse.*)

Another *defective statement*, in a different form, is contained in this case.

*Greene Special Term, Nov.,* 1856.

MOTION to set aside judgment.

On the 7th day of April, 1855, the defendant signed and verified a statement, for the purpose of having judgment entered thereon, as follows:—

"I, Francis C. Shuman, the above named defendant, hereby confess myself indebted to George F. Von Beck, the above plaintiff, in the sum of two thousand and seventy dollars, and interest thereon from the 4th day of April, 1855, and hereby authorize him or his executors, administrators, attorney, or assigns, to enter a judgment against me for that amount.

"The above indebtedness arose *on promissory notes* given by me, for value received, to the said plaintiff, liabilities incurred by the said plaintiff for me by his indorsement of my notes, which the said Von Beck is to pay, or has paid. Also for an account for beer, sold and delivered by him to me, and money

paid, laid out and expended for my benefit. And I hereby declare that the sum by me confessed as above is justly due the said plaintiff, without any fraud whatever."

On the same day, judgment was entered upon the confession for $2,071.20, besides $6.44 for costs. An execution upon the judgment was issued to the sheriff of Ulster, by virtue of which the real estate of the defendant was sold on the 2d day of February, 1856. The plaintiff became the purchaser for the sum of $2,400.

On the 19th of January, 1856, Gilbert N. Marshall recovered a judgment against the defendant for $120.10, which judgment was docketed in the county of Ulster. An execution issued thereon has been returned unsatisfied.

Upon an affidavit, showing these facts, a motion was made on behalf of Marshall, to set aside the judgment by confession. The plaintiff in this action asked leave to amend the statement upon which the judgment was entered, in conformity with the requirements of the statute.

> JOHN FITCH, *for motion.*
> J. B. STEELE, *opposed.*

HARRIS, Justice. The statement upon which this judgment was entered entirely fails to satisfy the requirements of the statute. All we can learn from it is, that some part of the indebtedness for which the confession is made, is included in promissory notes, which had been given to the plaintiff by the defendant for a valuable consideration. The amount of these notes, together with the nature and origin of the indebtedness out of which they arose, should have been stated. We also learn from the statement, that another part of the indebtedness included in the confession consists of liabilities incurred by the plaintiff for the defendant by the indorsement of his notes, which the plaintiff was to pay, or had already paid. The amount of these liabilities, and the circumstances under which they were incurred, as well as the amount which had been paid

thereon by the plaintiff, and which he was yet liable to pay, should have been stated.

Another part of the indebtedness, it is stated, was for beer sold and delivered by the plaintiff to the defendant; but there is no statement of the amount.

A further ground of indebtedness, as stated in the confession, is money paid, laid out and expended for the benefit of the defendant. The amount of any such advances, and the circumstances connected therewith, should have been stated.

Thus, it is apparent that the statement entirely fails to show the facts out of which the several parts of the indebtedness arose. It is, therefore, insufficient to support the judgment which has been entered thereon.

But, upon this motion, the plaintiff has supplied all these defects. He has shown the nature and origin of the indebtedness. I am satisfied that the defendant, at the time the judgment was entered, was actually indebted to the plaintiff in the full amount for which the judgment was entered, and that the omission to state the facts out of which the indebtedness arose, is attributable, not to any fault of the plaintiff, but to the misapprehension of the attorney by whom it was prepared. Under these circumstances, it becomes important to inquire as to the extent of the authority of the court to allow the statement to be amended.

In *Chappell* agt. *Chappell*, (2 *Kernan*, 215,) one of the judges of the court of appeals took occasion to say that, in such a case, it might be proper for this court, in the exercise of its discretion, to permit an amendment which would preserve the lien and priority of the judgment. This suggestion was followed in *Davis* agt. *Morris*, (21 *Barb.* 152.) An order made at a special term, upon a motion like this, was, upon appeal to the general term, modified so as to allow the parties to amend the statement upon which the judgment had been entered, in order to preserve the lien and priority of the judgment. But, with great respect for the court by which this amendment was allowed, I think the question was not sufficiently considered.

If the defects in the statement could be regarded as mere irregularities, then, indeed, they might be cured by amendment, and the terms upon which such amendment might be allowed would be a matter addressed to the discretion of the court. But these defects are something more than mere irregularities. The plaintiff was only authorized to enter judgment, without action, upon complying with the conditions prescribed in the provisions of the Code relating to the subject. This, we have seen, he has entirely omitted to do. The statement required by the 383d section of the Code has not been made. In the statement upon which the judgment is founded, matters essential to the validity of the judgment are omitted. This statement is no more a compliance with the requirements of the statute than the bond and warrant of attorney used for such purposes before the adoption of the Code would have been. The judgment, therefore, was entered without legal authority. Such a judgment is not merely irregular—it is void: and if so, this court has no right to authorize a new judgment to be entered, under the form of an amendment, which shall take priority over other judgments subsequently recovered. (*See Bonnell* agt. *Henry*, 13 *How*. 142—also *Johnson* agt. *Fellerman*, *id*. 21.) In the latter case, Mr. Justice CLERKE, who had delivered the opinion of the court in *Davis* agt. *Morris*, above cited, recognizes the principle to which I have referred, and accordingly the plaintiff was allowed to amend the statement upon which the judgment had been entered, but without prejudice to the rights of other creditors, whose liens may have attached in the meantime.

The same thing was allowed to be done in *Lawless* agt. *Hackett*, (16 *John*. 149.) Such an amendment, it is obvious, is worth but little to the plaintiff in the judgment. It is but saying to him that, inasmuch as his first judgment is void, a new judgment may be entered, but not so as to interfere with the vested rights of other creditors. This he might do without the permission of the court. It is better, therefore, that the judgment be set aside, leaving the plaintiff to pursue such course hereafter for securing his debt as he may deem advisable.

The order will be, that, as against the creditor who makes this motion, the judgment·be set aside. I think, too, that the moving party should have the costs of the motion.