# SUPREME COURT.

## WINEBRENNER agt. EDGERTON.

In moving to set aside a judgment on confession for defective statements, it is not necessary that the notice of motion should specify the defects complained of; they are not mere irregularities, but matters of *substance.*

The first statement in the judgment in this case, which was alleged to be defective, was as follows: "Amount due from the defendant to the plaintiff, for plaintiff's liability and guarantee, now past due, to Richard S. Williams, as president of the Market Bank, city of New-York, $8,005.43."

*Held, insufficient.* No particulars of the defendant's indebtedness are stated to show whether in truth he owed the plaintiff anything, or of the liability or guarantee referred to, nor for whom the liability was given, or upon what consideration.

The second alleged defective statement was as follows: "Amount of one promissory note indorsed by the plaintiff for defendant, due July 10th, 1858, and held by C. Dord & Co., $2,220.85."

The third statement was as follows: "Amount of two promissory notes indorsed by plaintiff for defendant, one due April, 27th, 1858, and the other due on the 27th day of June, 1858, both held by the Importers' and Traders' Bank of the city of New-York, for the sum of $5,508.86."

*Held,* that both these statements were *insufficient.* The facts in reference to them are not only not concisely stated, but are not stated at all. It does not appear whose notes they are, or that the liability of the plaintiff on them is a liability incurred on behalf of the defendant, and one which he is under any legal obligation to protect. No consideration for the promise of the defendant to pay the amount of these notes is shown.

*New - York General Term, May,* 1859.

THIS was an appeal from an order made at special term, denying a motion to set aside a judgment entered upon confession. The facts appear in the opinion.

——— *for motion.*
——— *opposed.*

By the court—DAVIES, Justice. Jones, a subsequent judgment creditor to the plaintiff in this case, moved to set aside this judgment upon the ground that the statement upon which

it was entered was not in conformity with section 383 of the Code.

It is a mistake in the counsel for the plaintiff to suppose that this motion is founded on any irregularity in entering up the judgment. If it had been, then it would certainly be necessary for the moving party to specify in his moving papers the grounds of his motion. The defects complained of are not mere irregularities, they are matters of substance, and, if established, render the judgment void. (*Van Beck* agt. *Sherman*, 13 *How.* 472; *Dunham* agt. *Waterman*, 3 *Smith*, 9.) In the latter case, the court of appeals held that when the object of the party was only to set aside the previous judgment, the proper method of attaining it was by motion; and the court also held, that the judgment, having been confessed without a compliance with the provisions of the Code, was to be deemed fraudulent and void as to the other judgment creditors of the defendant.

The justice at special term held that the first, third and fourth statements of causes of indebtedness were sufficient, and denied the motion to vacate the judgment so far as it covered them. From that denial an appeal has been taken to this court.

The first cause of indebtedness is stated in these words: " Amount due from the defendant to the plaintiff, for plaintiff's liability and guarantee, now past due, to Richard S. Williams, as president of the Market Bank, city of New-York, $8,005.43.

" *Third.* Amount of one promissory note indorsed by the plaintiff for defendant, due July 10th, 1858, and held by C. Dord & Co., $2,220.85.

" *Fourth.* Amount of two promissory notes indorsed by plaintiff for defendant, one due April 27th, 1858, and the other due on the 27th day of June, 1858, both held by the Importers' and Traders' Bank of the city of New-York, for the sum of $5,508.86."

Subdivision 2, section 383 of the Code declares, that if the judgment be confessed for money due, or to become due, the statement in writing required must state concisely the facts

out of which it (the money due or to become due) arose, and must show that the sum confessed therefor is justly due or to become due.

And the third subdivision of this section declares that if it (the judgment) be for the purpose of securing the plaintiff against a contingent liability, it (the statement) must state concisely the facts constituting the liability, and must show that the sum confessed therefor does not exceed the same.

The court of appeals in *Chappell* agt. *Chappell* (2 *Kern.* 215), in considering a judgment confessed under the second subdivision of this section, hold that the creditors are entitled to the facts out of which the indebtedness arose; that the statute looks not to the evidence of the demand, but to the facts in which it originated; in other words, to the consideration which sustains the promise. The rule laid down in this case has been followed in *Purdy* agt. *Upton* (10 *How.* 494); *Boyden* agt. *Johnson* (11 *How.* 503); *Van Beck* agt. *Sherman* (13 *How.* 472); *Kendall* agt. *Hodgins* (7 *Abbott*, 309); *Dunham* agt. *Waterman* (3 *Smith*, 9). All these cases, except that in 11 *Howard*, are confessions of judgments under subdivision second of section 383 of the Code.

But the Code requires that if the judgment be given to secure the plaintiff against a contingent liability, the statement required must state concisely the facts constituting the liability, using precisely the same language as in sub. 2 of the same section. Now, it cannot be contended that these statements show the facts constituting the liability of the plaintiff to pay the several sums mentioned therein. In statement first, no particulars of the defendant's indebtedness are stated to show whether in truth he owed the plaintiff anything, or of the liability or guarantee therein referred to. It is not stated for whom the liability was given, or upon what consideration. No particulars of the guarantee are given; no statement showing how or why the plaintiff is bound to pay anything on such liability or guarantee.

So in regard to the promissory notes in statements three and four. The facts in regard to them are not only not con-

cisely stated, but are not stated at all. It does not appear whose notes they are or that the liability of the plaintiff on them is a liability incurred on behalf of the defendant, and one which he is under any legal obligation to protect. No consideration for the promise of the defendant to pay the amount of these notes is shown. It is said they are notes indorsed for the defendant by the plaintiff, but whose notes is not stated, or how indorsed, or why, for the defendant. In *Boyden* agt. *Johnson* (*cited supra*), STRONG, Justice, said : " The statement in question (in that case), so far as it relates to future sales, is objectionable, not only on account of its indefiniteness, but as no fact is stated showing any obligation to sell any goods at any future period. If a judgment by confession can be allowed to cover any future indebtedness, it should be particularly specified, and it should be· called for by some existing liability. The Code is explicit, that when the object is to secure the plaintiff against a contingent liability, there must be a ʹstatement of the facts constituting the liability."

In the present case there is no statement of any facts showing the liability of this plaintiff to the defendant, to pay these several notes, or any fact stated showing the liability of the defendant to repay the same to plaintiff. For aught that appears in these statements, the liability of the plaintiff may have been incurred for some other person than the defendant. I have no doubt that the statements are defective, and the order appealed from, holding them sufficient, is erroneous, and should be reversed.