Sheldon *v.* Stryker.

---

SHELDON *vs.* STRYKER, Sheriff, &c.

A judgment entered by confession, although it be not confessed in conformity with the provisions of the code, (sec. 382,) is not absolutely and utterly null and void, but voidable at the instance of certain creditors.

So long as it remains unvacated, and apparently in full force upon the records of the court, it cannot be impeached collaterally; and the record thereof should not be rejected when offered in evidence by a sheriff as a justification for taking property.

A subsequent purchaser under the judgment debtor, in order to avail himself of defects in the judgment, must proceed by suit or motion directly against the judgment.

THIS action came before the court by virtue of an order made by Justice LOTT, at the trial, directing the defendant's exceptions to be heard at the general term, in the first instance, with a stay of the plaintiff's proceedings in the meantime. The issues were tried April 9, 1860, and the jury, under the charge of the court, rendered a verdict for the plaintiff for $1000, as the value of the property taken, and $192.50 as damages, being interest upon the value from the time of the taking. The complaint sought to charge the defendant, as sheriff, for taking a stock of millinery and straw goods from the store No. 166 Grand street, in the city of Brooklyn, of the alleged value of $2000, besides claiming $1500 for injury to business, &c. The plaintiff claimed that on or about the 29th of July, 1857, he was the owner of the stock, and that on that day the sheriff seized the same. The

answer, after joining issue upon the principal allegations of the complaint, set forth that the defendant, upon the *ninth* day of July, 1857, took certain property from the premises in question, under an execution issued to him upon a judgment in favor of "Ide, Felt & Hall," of the city of New York, entered up in the supreme court for the first judicial district, in the office of the clerk of the city and county of New York, for $2968, on or about July 6th, 1857, against William S. Irvine and Alexander Irvine, to whom the answer averred the property so taken belonged. The execution was alleged to have been issued July 9th, 1857, and levied the same day, and the jury found that the levy was made on the 10th July. On the trial the defendant's counsel moved to dismiss the complaint, on various grounds. The court denied the motion, and held that the defendant must prove a valid judgment and execution, as claimed in his answer, before he could attack the plaintiff's title. To this decision the defendant's counsel excepted. The defendant's counsel then offered in evidence an exemplified copy of a judgment roll, in favor of Edwin Ide and others, against William S. and Alexander Irvine, which is in the following words, viz:

"City and county of New York, ss: We, William S. Irvine and Alexander Irvine, of the city of New York, defendants above named, do hereby confess judgment in this action in favor of Edwin Ide, William N. Felt and Mortimer G. Hall, plaintiffs above named, which judgment may be entered against us for the sum of $2963.

We further state that we are justly indebted to said plaintiffs in said last mentioned sum, and that the following are the facts out of which our said indebtedness arose: That said plaintiffs, at different dates between the month of March in the year 1855, and the month of August in the year 1856, sold and delivered to us, at the city of New York, divers goods, chattels and merchandise, which goods, chattels and merchandise were, in the aggregate, worth $2937.52, and this was the price agreed by us to be paid to said plaintiffs there-

for. That we have not yet paid the same, or any part thereof, but remain indebted therefor to said plaintiffs in said last mentioned sum, together with $25.48 for interest due thereon. We, therefore, authorize the entry of judgment against us in this action, in favor of said plaintiffs, for the sum of $29.63.

Witness our hands at the city of New York, this 5th day of January, 1857.

City and county of New York, ss: William S. Irvine and Alexander Irvine, defendants above named, being severally duly sworn, depose and say that the facts contained in the above statement are true. WILLIAM S. IRVINE.

ALEXANDER IRVINE.

Sworn before me this 5th day of January, 1857.

JOHN HOOPE, Com'r of Deeds.

(Indorsed.) Supreme court. Edwin Ide and others against William S. Irvine and Alexander Irvine. Judgment roll. Geo. F. Chester, plaintiffs' attorney. Judgment, July, 1857.

On filing within statement, it is adjudged that the plaintiffs recover of the defendants $2963 together with $5 costs, amounting in all to $2968. July 6, 1857.

R. B. CONNOLLY, Clerk.

Filed July 6, 1857, at 9 o'clk 30 min."

To this was annexed the usual certificate of the county clerk.

The plaintiff's counsel objected to the admission of this judgment roll in evidence, on the ground, 1st. That the statement therein contained, and on which said alleged judgment was entered by confession, was clearly insufficient, and not in compliance with section 383 of the code of procedure, inasmuch as it did not state concisely the facts out of which it arose, neither was it signed or verified by them, as required by said section. 2d. That the *condition precedent* not having been performed, and the judgment not having been entered in the manner prescribed by the code, the court had no jurisdiction, and the judgment was absolutely void. 3d. That the defendant must justify, if at all, under a valid and subsisting

judgment, and that evidence of a judgment void upon its face would be irrelevant and inadmissible. Objections sustained, and the exemplification of the judgment roll and proof of the judgment were excluded by the court, to which ruling the defendant's counsel excepted. *Andrew Mercein,* a witness sworn on behalf of the defendant, testified that he was a deputy of the county clerk of Kings county, and as such, had custody of the books and papers of said office. Witness produced from the files of said office a transcript, in due form of the judgment, of which a copy of the roll is above given, made by the clerk of the city and county of New York, and testified that said transcript was filed in the Kings county clerk's office, July 8, 1857, at 3.15 P. M. Witness also produced and verified the docket of judgments made in the office of the clerk of the county of Kings, by which it appears that said transcript was duly docketed in said last mentioned office, on said 8th July, 1857, at 3.15 P. M. The defendant's counsel offered to read said transcript and docket in evidence. He also offered in evidence an execution against the property of the Messrs. Irvine, in due form, proven to have been duly issued to the defendant, as sheriff of the county of Kings, July 9th, 1857, upon the judgment above recited. The admission of the said transcript, docket and execution in evidence was, in each instance, objected to by plaintiff's counsel, on the ground that the judgment upon which they were based, was entered upon an insufficient statement, as aforesaid. The objection was sustained by the court, and the said transcript, docket and execution were severally excluded by the court; and to the decision of the court in that behalf, and each and every part of it, the defendant's counsel excepted.

*F. C. Bliss,* for the plaintiff.

*John Graham,* for the defendant.

*By the Court,* EMOTT, J. The defendant attempted to justify, at the trial, under an execution issued upon a judg-

ment entered by confession, against William S. and Alexander Irvine, who were originally the owners of the goods of which the plaintiff claimed to be a purchaser.· The judge excluded the judgment record and the execution, on the ground that the judgment was not confessed in conformity with the provisions of the statute, (*Code*, § 383,) and was therefore utterly void and no protection to the officer. The question is whether, assuming that the statement in the judgment or the verification. or both, were not sufficient under the code, the proceeding·is simply void in the strict sense of the word, so that it affords no justification to an officer even while remaining unvacated and apparently in full force upon the records of the court.

If such be the rule, it will be a harsh and oppressive one for sheriffs and other ministerial officers, since it will cast upon them the necessity of determining, when process is placed in their hands, the validity and sufficiency of the judgment upon which it issues, and whether a formal entry and record of an adjudication of the court does or does not contain what is necessary to comply with the provisions of the statute. These are questions upon which, in the various and numerous cases that have arisen and are occurring, the judges have widely differed, and it is not probable that sheriffs would come to more uniform or more certain conclusions.

Still if the effect of a want of conformity to the requisitions of the statute in the sufficiency or particularity of the statement, or the form of the affidavit, in a judgment by confession, be to render it altogether a nullity, then the rule and its consequences must be as just indicated, and the proceeding or paper offered in evidence by the defendant in this case was properly excluded, as not being a judgment at all. It is true that in some of the cases, as in *Von Beck* v. *Shuman,* (13 *How. Pr. Rep.* 472,) and *Winnebrenner* v. *Edgerton,* (30 *Barb.* 185,) some of the judges have used very strong language, condemning insufficient judgments as "void," and refusing to permit their amendment to the prejudice of any

Sheldon *v.* Stryker.

intervening rights or equities. But it will be observed that these were applications to vacate the judgments; the question was whether the defects indicated were mere irregularities, or went to the substance of the judgment, and particularly whether they could be amended, so as to cut off subsequent liens, by an order *nunc pro tunc.* The courts have undoubtedly come to the conclusion, though after some hesitation, that an amendment of such an insufficient judgment can only be made to take effect at the date when it is ordered, and as between the parties to the record.

Even this exercise of the power of amendment, however, is fatal to the doctrine asserted here; for how can that which is absolutely null and void to all purposes, be amended.

The court of appeals, in *Chappel* v. *Chappel,* (2 *Kernan,* 215,) held that the language of the code of procedure in reference to these judgments must be construed as equivalent in effect to the provisions of the act of 1818. That act (*Laws of* 1818, *ch.* 259, § 8) declared that judgments by confession not conforming to its provisions should be taken to be fraudulent as against creditors. In *Dunham* v. *Waterman,* (17 *N. Y. Rep.* 9,) the same view is taken and explained. The court say, in that case, that a judgment confessed without a compliance with the provisions of the code is fraudulent and void as against creditors. Similar language to this is to be found in the statutes of fraudulent conveyances, 13 and 27 Eliz and in our statutes of frauds; and the meaning and effect of a declaration that instruments which offend against their provisions shall be void, or utterly void, has been repeatedly considered.

It has always been held, under the strongest language employed in these statutes, that such deeds or other instruments and proceedings are not absolute nullities, but voidable only, liable to be declared void, at the instance of parties whom they affect injuriously. In *Anderson* v. *Roberts,* in the court of errors of this state, reported in 18 *John.* 515, 524, will be found an admirable discussion of this point by Ch. J. Spencer.

Sheldon *v.* Stryker.

Whenever the act done takes effect as to some purposes, and is void as to persons who have an interest in impeaching it, the act is not a nullity, and therefore is voidable in strict legal sense, and not utterly void. Whenever the act or deed is valid as to some persons, although it may be avoided at the election of others, it is not utterly void. (*See Bac. Abr. tit. Void and Voidable.*) There is a case in 2 *Salk.* 674, (*Prigg* v. *Adams*,) which is very applicable to the present. It was an action of false imprisonment. The defendant justified under a *ca. sa.* upon a judgment in the common pleas for 5s. on a cause of action arising in Bristol. The plaintiff replied an act of parliament forbidding any court in Westminster to give judgment in a cause of action arising in Bristol for less than 40s., and that any such judgment should be void. But it was held that the judgment was not void, so that the party could take advantage of it in that collateral action.

The judgment record should not have been excluded at the trial of this cause, unless it is an absolute nullity. But it is not an absolute nullity if it is valid as to any persons. It is valid as to the defendant in the judgment, for he cannot even move to set it aside ; and such judgments are always amended as to him. It is not therefore absolutely and utterly null and void, but voidable at the instance of certain creditors ; and it follows that it could not be impeached collaterally, and should not have been rejected when offered in evidence. The plaintiff must proceed by suit or motion directly against the judgment, in order to avail himself of its defects.

In this view of the case it is unnecessary to consider whether such defects exist, or any other question in the case. The verdict must be set aside and a new trial ordered ; the costs to abide the event.

[DUTCHESS GENERAL TERM, May 13, 1861. *Emott, Brown* and *Scrugham,* Justices.]