## SUPREME COURT.

ELISHA S. SHELDON agt. BURDETT STRYKER, Sheriff, &c.

A *sheriff* may *justify* under a judgment by confession and execution, although the judgment is defective in not conforming to the requirements of the Code. (§ 383.)

*Dutchess General Term, July*, 1861.
EMOTT, BROWN and SCRUGHAM, *Justices*.

By the court, EMOTT, Justice. The defendant attempted to justify, at the trial, under an execution issued upon a judgment, entered by confession against William S. and Alexander Irwine, who were originally the owners of the goods of which the plaintiff desired to be a purchaser. The judge excluded the judgment record and the execution on the ground that the judgment was not confessed in con-

formity with the provisions of the statute (*Code* § 383,) and was, therefore, utterly void and no protection to the officer. The question is, whether assuming that the statement in the judgment, or the verification, or both, were not sufficient under the Code, the proceeding is simply void in the strict sense of the word, so that it affords no justification to an officer, even while remaining unvacated and apparently in full force upon the records of the court?

If such be the rule, it will be a harsh and oppressive one for sheriffs and other ministerial officers, since it will cast upon them the necessity of determining when process is placed in their hands, the validity and sufficiency of the judgment upon which it issues, and whether a formal entry and record of an adjudication of the court does or does not contain what is necessary to comply with the provisions of the statute. These are questions upon which, in the various and numerous cases which have arisen and are occurring, the judges have widely differed, and it is not probable that sheriffs would come to more uniform or more certain conclusions.

Still if the effect of a want of conformity to the requisitions of the statute in the sufficiency or particularity of the statement or the form of the affidavit in a judgment by confession, be to render it altogether a nullity, then the rule and its consequences must be as just indicated, and the proceedings or paper offered in evidence by the defendant, in this case, was properly excluded as not being a judgment at all. It is true that in some of the cases, as in *Van Beck* agt. *Sherman* (13 *How. Pr. R.*, 472) and *Winnebrenner* agt. *Edgerton* (30 *Barb.*, 185,) some of the judges have used very strong language condemning insufficient judgments as "void," and refusing to permit their amendment to the prejudice of any intervening rights or equities. But it will be observed that these were applications to vacate the judgments; the question was, whether the defects indicated were mere irregularities or went to the substance

of the judgment, and particularly whether they could be amended so as to cut off subsequent liens by an order *nunc pro tunc*. The courts have undoubtedly come to the conclusion, though after some hesitation, that the amendment of such an insufficient judgment can only be made to take effect at the date when it is ordered, and as between the parties to the record only. Even this exercise of the power of amendment, however, is fatal to the doctrine asserted here, for how can that which is absolutely null and void to all purposes be amended.

The court of appeals in *Chappel* agt. *Chappel* (2 *Kern.*, 215) held that the language of the Code of Procedure, in reference to these judgments, must be construed as equivalent in effect to the provisions of the act of 1818. That act (*Laws of* 1818, *ch.* 259, § 8,) declared that judgments by confession, not conforming to its provisions, should be taken to be fraudulent as against creditors. In *Dunham* agt. *Waterman* (17 *N. Y. Rep.*, 9), the same view is taken and explained. The court say, in that case, that a judgment confessed without a compliance with the provisions of the Code is fraudulent and void as against creditors, and must be set aside for that reason, and not as irregular. The 383d section of the Code of Procedure is, therefore, to be read as if it contained a clause that any judgment, not conforming to its provisions, is to be deemed fraudulent and void as against creditors. Similar language to this is to be found in the statutes of fraudulent conveyances (13 *and* 27 *Eliz.*,) and in all our statutes of frauds, and the meaning and effect of a declaration that instruments which offend against their provisions shall be void, or utterly void, has been repeatedly considered.

It has always been held, under the strongest language employed in these statutes, that such deeds or other instruments and proceedings are not absolute nullities but voidable only, liable to be declared void at the instance of parties whom they affect injuriously. In *Anderson* agt. *Roberts*

in the court of errors of this State, reported in 18 *J. R.*, 515, 524, will be found an admirable discussion of this point by Ch. Justice SPENCER. Whenever the act done takes effect as to some purposes, and is void as' to persons who have an interest in impeaching it, the act is not a nullity and, therefore, is voidable in strict legal sense, and not utterly void. Whenever the act or deed is valid as to some persons, although it may be avoided at the election of others, it is not utterly void. (*See Bac. Abr. Title, void and voidable.*) There is a case in 2 *Salk.*, 674, *Peigg* agt. *Adams*, which is very applicable to the present. The defendant justified under a *ca. sa.* under a judgment in the common pleas for 5s. on a cause of action arising in Bristol. The plaintiff replied an act of Parliament forbidding any court at Westminster to give judgment for a plaintiff in a cause of action arising in Bristol for less than 40s., and that any such judgment should be void. But it was held that the judgment was not void so that the party could take advantage of it in that collateral action. This judgment record should not have been excluded at the trial of this cause, unless it is an absolute nullity. But it is not an absolute nullity, if it is valid as to any persons. It is valid as to the defendant in the judgment, for he cannot even move to set it aside, and such judgments are always amendable as to him. It is not, therefore, absolutely and utterly null and void, but simply voidable at the instance of certain persons, and it follows that it should not have been rejected when offered in evidence and could not be impeached collaterally. The plaintiff must proceed, by suit or motion, directly against the judgment in order to avail himself of its defects.

In this view of the case it is unnecessary to consider whether such defects exist, or any other question. The verdict must be set aside and a new trial ordered, the costs to abide the event.