## NEW YORK COMMON PLEAS.

### WILLIAM H. JACKSON and others agt. CHARLES SMITH.

Where, on a special motion, *no papers* are served or read in opposition to the motion, every *intendment* must be presumed in favor of the statements contained in the *moving affidavits* read upon the motion.

Where the plaintiffs recovered judgment in a district court in New York city, against the defendant, from which an appeal was taken by the defendant to this court, and the undertaking required by §§ 354 and 356 of the Code was duly approved and filed; and afterwards the plaintiffs issued execution to the *sheriff*, on the judgment, on the ground that the *undertaking, not having been served on the respondent or his attorney,* their proceedings were *not stayed,*

*Held,* on appeal, that the order of the special term vacating and setting aside the execution, with $10 costs, be affirmed, *with costs.* There is no provision of law or practice requiring the undertaking to be served on the respondent or his attorney.

*New York General Term, July,* 1863.

DALY, BRADY and HILTON, *Judges.*

THE plaintiffs recovered judgment in the sixth district court against the defendant, from which judgment an appeal was taken to this court, and the undertaking required by sections 354 and 356 of the Code was duly approved and filed.

After the undertaking was so approved and filed, the plaintiffs issued execution to the sheriff on the judgment.

The special term, on motion of the defendant, set aside the execution, with $10 costs, from which order the plaintiffs appealed.

HARRINGTON & GRIEFF, *attorneys for plaintiffs.*
JOHN ANDERSON, Jr., *attorney for defendant.*

By the court, HILTON, J. Every intendment must be presumed in favor of the statements contained in the moving affidavit read on the motion below, there having been no papers served in opposition.

From this affidavit we learn that on a judgment rendered in a district court, an execution had been issued

to the sheriff, and although an appeal had been taken, and the undertaking given thereon approved and filed, and a copy thereof, approved by our clerk, duly served on the sheriff, that officer threatened to levy under the execution and remove property of the defendant.

The only ground of objection argued against a motion based on these admitted facts, to vacate an execution issued long after an appeal had been thus perfected, and which still is undetermined, was, that a copy of the undertaking had not been served upon the respondent's attorney.

The plain answer to this objection was, that the Code (§§ 354, 355, 356 and 357) declares that the approval and filing of the undertaking shall stay the issuing of the execution ; and, if issued, the service of a copy thereof upon the officer holding it shall stay further proceedings thereon.

Here the execution was issued after the undertaking had been approved and filed, and the writ was therefore properly vacated, there being no provision of law or practice requiring such an undertaking to be served on the respondent or his attorney.

The appellant, on appeal from the order made at special term, now, for the first time, takes these objections, neither of which was there alluded to, but all of which may be very easily disposed of, notwithstanding.

I. That the court had no jurisdiction of the motion ; the moving papers not showing that a transcript of the judgment had been filed with the county clerk.

As to this, it appeared that he had issued an execution on the judgment to the sheriff, and as an execution out of a district court can only issue to a constable, (*see district court act, Laws of* 1857, *ch.* 344, §§ 51, 52,) it must be presumed that a transcript had been filed.

II. That it did not appear that the undertaking given

was in the form prescribed for staying proceedings on the appeal.

The affidavit clearly indicated—indeed, the only inference that can be drawn from it is—that the undertaking was one in the usual form for staying proceedings. But as no objection to its form or sufficiency was made below, it cannot now be considered.

III. That if the execution was irregularly issued, the notice of motion was defective in not specifying the irregularity.

There was no question of irregularity involved in the motion. The plaintiff, in violation of law, had issued an execution, under which he was about seizing the defendant's property. No mere question of practice was involved in such an act, but a substantial grievance, which the defendant was entitled to have remedied without regard to forms or technicalities.

Order appealed from affirmed, with costs.