Brown agt. Marrigold.

# SUPREME COURT.

### No. 1.

HENRY M. BROWN and LEVI H. BROWN, executors, &c., of AARON BROWN, deceased, agt. LUCIA MARRIGOLD.

### No. 2.

NATHAN WHITNEY agt. LUCIA MARRIGOLD.

### No. 3.

NATHAN WHITNEY agt. LUCIA MARRIGOLD.

### No. 4.

WILLIAM BURROWS agt. LUCIA MARRIGOLD.

### No. 5.

JULIUS MARRIGOLD agt. LUCIA MARRIGOLD.

### No. 6.

CARLTON C. MOORE agt. LUCIA MARRIGOLD.

*Setting aside judgments for irregularity and fraud — reference.*

Where, on a motion to set aside judgments for irregularity and fraud, the affidavits for and against the motion are very conflicting, and a reference is ordered to ascertain the facts, the report of the referee finding the facts from the evidence is conclusive of such facts.

Irregularity in the service of summons and complaint in obtaining judgment by default.

What are and what are not valid statements upon which to enter judgments by confession.

The time within which it is required to move to set aside a judgment for fraud is not governed by the time in which it is necessary to move to set it aside for irregularity.

*Jefferson County Special Term, December,* 1875.

Brown agt. Marrigold.

Motion to set aside judgments and for relief. Affidavits were read in support of said motion and in opposition thereto, at the Oswego special term, and the court thereupon ordered a reference to ascertain the facts, as the affidavits were in great conflict.

(1.) Such reference has been executed, and L. J. Dorwin, Esq., the referee, has made his report, and given his opinion, and returned the evidence taken; and thereupon, at this term, the parties were further heard.

(2.) In 1872, Brown & Brown, executors, brought an action, on three notes, against the defendant, who joined issue, and a reference was had to judge Lansing, who thereafter reported in favor of the plaintiffs, and his report was filed April 8, 1875, and a judgment regularly entered thereon on 9th of April, 1875, for $1,750.08, and an execution issued thereon.

(3.) William Burrows brought a suit against Lucia Marrigold, and obtained personal service of summons October 12, 1874, and an answer was put in by defendant, and an inquest regularly taken, at a circuit, in April, 1875, and judgment duly entered April 7, 1875, for $640.50, damages and costs. This action was brought on a valid debt, and the answer was served by N. Whitney, as attorney for the defendant Lucia, and the inquest and judgment taken April 7, 1875, at the circuit in Jefferson county.

(4.) William A. Gilbert brought a suit against the same defendant and obtained personal service of summons March 22, 1875, and entered judgment 12th of April, 1875, for $106.21, and judgment was entered on defendant's default, regularly.

(5.) That at said circuit an inquest was regularly taken against the defendant in favor of John Alles and judgment entered thereon for $233.46, N. Whitney being attorney for defendant on the record.

(6.) That on the 5th day of April, 1875, and while such other actions were pending, Lucia Marrigold, under section

382 of the Code, confessed a judgment to her brother, Julius Marrigold, for $3,000, upon a statement alleged to be defendant's and not signed by defendant. N. Whitney, as attorney for the plaintiff, then entered up the judgment by asking the clerk of Jefferson county to file the papers and sign the roll.

The statement was as follows: " For money let this day, by Julius Marrigold to me, Lucia Marrigold." The statement was verified same day by Lucia Marrigold, and judgment entered April 6, 1875, for $3,005.60, and an execution issued by the attorney therein.

The referee finds, upon ample evidence, that the judgment was fraudulent, and entered to defraud Browns' and other creditors of the defendant.

That $3,000 was not, nor was any sum advanced by Julius to Lucia, the day of· such confession.

That the judgment was not founded on a valid consideration.

7. April 6, 1875, at 3.50 P. M., two judgments for about $500 each were entered in Jefferson county clerk's office, in favor of N. Whitney against Lucia Marrigold, upon filing of summons and complaint in each case, and the admission of service, signed by the defendant, and the admission verified by N. Whitney's affidavit before one J. C. Fulton, notary, April 5, 1875, and the complaint verified at same time, by plaintiff, before same notary. ·

The admission of service is not dated, but it states: " I hereby admit that the foregoing summons and complaint were duly personally served on me on the 15th day of March, 1875, at the city of Watertown." And judgment was taken thereon for $553.26, being $536.25 damages and $17.01 costs, upon an alleged note dated 22d March, 1874, for $500. The other action purports to be on a note alleged to have been made by defendant 26th September, 1874, to plaintiff therein, and the complaint verified 5th of April, 1875, before Fulton, notary.

The admission of service states, viz. : "I hereby admit that the within and foregoing summons and complaint were duly and personally served on me, the within named defendant, on the 17th day of November, 1875, *in the daytime*, at the city of Watertown, Jefferson county, N. Y., by handing to and leaving with me, at the place and time aforesaid, true copies thereof, and at the same time showing me the original." (Signed) "Lucia Marrigold." The plaintiff then states, in an affidavit, that it was signed by defendant, and such affidavit is sworn before Fulton, 5th of April, 1875; and the affidavit states no appearance, and that "more than twenty days have elapsed since the service of the summons and complaint on the defendant in this action;" and that affidavit is also sworn before Fulton, April 5, 1875. The judgment is for $519 damages and $19.36 costs, entered by the clerk of Jefferson. county.

The referee finds and reports that these admissions were "*ante-dated* (assuming the one to be of 17th November, 1874, instead of 17th November, 1875, as within) or "*prematurely executed*, to enable the said Whitney to enter judgments, and thereby obtain preferences over any judgments that might be entered in the actions hereinbefore mentioned, then pending against the said Lucia Marrigold, and for whom in which actions he was acting as attorney." Much evidence was taken tending to establish that the defendant was not indebted in any considerable sum if at all, to the plaintiff, on said two judgments so entered in favor of Whitney; and the referee does not find specifically upon that subject, and it is not necessary to finally pass upon that question upon this motion.

*Levi H. Brown*, for motion.

*Nathan Whitney*, opposed.

HARDIN, *J.* — The report of the referee upon the evidence submitted to him, has reported conclusions of fact; and, like

Brown agt. Marrigold.

the verdict of a jury, these conclusions must be accepted by the court when based upon evidence.

It is not apparent that the essential questions arising upon this motion have been found without sufficient evidence to sustain the findings of the referee.

Accepting, therefore, the conclusions reached by the learned referee as to the time when and object of the admissions of service in the two cases wherein Whitney is plaintiff, this case is brought within the opinion of MERWIN, J., in *Trolan* agt. *Fagan* (48 *Howard*, 240); (*see, also,* 2 *Kernan,* 515; *Dinsmore* agt. *Adams,* 48 *Howard,* 274.)

Following that opinion, is is the duty of the court to order such judgments set aside as against the judgment creditors moving here.

II. The next question relates to the judgment of $3,000, entered upon confession by the defendant, in favor of Julius Marrigold, her brother. The statement is very laconic, and more than concise.

The expression "for money let this day," does not state what amount of money was that day loaned; it does not state any sum; it does not state when it was loaned; it does not state that any other security was given upon the loan; it does not state that a note was given "for *that amount* of money being had by the defendant of the plaintiff," as was stated in *Frelegh* agt. *Brink* (22 *N. Y.,* 418). The quoted words "for that amount of money," upheld the confession in that case, according to the opinion of DENIO, J. (*supra,* 419), which accords with the decision in *Lansing* agt. *Carpenter* (20 *N. Y.,* 458), opinion of COMSTOCK, J. (*see, also* 24 *N. Y.,* 325).

The occasion for the loan is not stated, as in *Acker* agt. *Acker* (38 *N. Y.,* 295), opinion by DENIO, J. In *Clements* agt. *Lown* (38 *N. Y.,* 298; 1 *Keyes*), the confession was "for money lent by said plaintiff to me, on the 1st day of April, 1856, and interest thereon from the first day of April, 1857;" and that was held to be sufficient. Here the date is found as

in that case, and the lender and borrower are stated as in that case.

Following the case of *Clements* agt. *Lown*, the statement here must be held to be formally sufficient. But the referee has found the judgment to be fraudulent, in fact, and given for a fraudulent purpose; and it is competent for a subsequent judgment creditor to raise and rely upon such assault upon the judgment (5 *Johns. Ch.*, 320; 9 *Johns.*, 80; *Read* agt. *French*, 21 *N. Y.*, 285; 15 *How.*, 228).

The motion is not for irregularity but for fraud, therefore it was made in time (30 *Barb.*, 185).

It follows, from the views here expressed, that as against the judgment creditors making this motion the two judgments in favor of Whitney and the judgment in favor of Julius Marrigold must be set aside and vacated.

The order may provide for the allowance to the moving party of ten dollars costs, at this motion, and also directing the payment by Julius. Marrigold of the referee's fees and witnesses' fees, to be taxed by the clerk of Jefferson upon five days' notice after service of a copy of this opinion, and after such taxation the clerk of Jefferson may enter an order in accordance with this opinion.