By the Court.—Freedman, J.
The evidence shows that on July 19, 1877, the undertaking- sued upon was duly approved by the justice of the district court, and that thereupon it was filed in the' office of the clerk of the court of common pleas. This was a *95 sufficient compliance with the statute to operate as a stay upon the judgment appealed from (Jackson v. Smith, 16 Abb. Pr. 201).
By that undertaking the defendants undertook that if the judgment should be affirmed on appeal, and execution issued thereon be returned unsatisfied, they would pay the amount unsatisfied. The judgment was affirmed and the execution issued thereon returned unsatisfied, and that was all the plaintiff was under the pleadings bound to show, in order to make out a prima facie case (Sperling v. Levy, 1 Daly, 95).
By the filing of the transcript in the office of the clerk of the city and county of New York, the judgment against Curry became a judgment of the court of common pleas for all purposes of enforcing satisfaction (Code, § 68). The filing of the transcript in the office of the clerk of the city and county of New York was necessary, in order to make the judgment against Curry a lien upon his real estate, if he had any, and to enable the plaintiff to issue an execution against both the personal and real property of the judgment debtor.
If the formal requirement, directing the sheriff to return the execution to the office of the clerk of the city and county of New York, was erroneous, which, however, is not clear since the new Code, it was, as held by Robinson, J., in Ennis v. Curry, a mere informality, which may be disregarded.
Chapter 484 of the Laws of 1862 does not include the case at bar. It provides a cumulative remedy against marshals and their sureties, by suit on their official bonds. Upon proof that a judgment has been recovered against a marshal for official misconduct, that a transcript of such judgment has been filed in the office of the clerk of the city and county of New York, and that an execution issued thereon has been unsatisfied, &c., &c., a judge of the court of common pleas may grant leave to sue upon the official bond. *96 Such suit is to be brought in the marine court, or any of the district courts, and if judgment be recovered, a transcript of such judgment must be filed with the clerk of the court of common pleas, to the end that it may be enforced in that court, as provided for by the said act, and that the clerk of said court, who by law is the custodian of the bond, may cancel the bond to the extent of the judgment. When the bond of any marshal gets entirely canceled by the entry of such judgments against it, the clerk must notify the mayor to that effect, and then the mayor must suspend the marshal. These provisions, it will be seen, do not at all apply to an action against a marshal’s sureties upon an appeal bond.
The objection that no notice was shown to have been given to the attorney of Curry, or the sureties, the defendants herein, of the entry of the judgment of affirmance, was abandoned bn the argument, and consequently does not require to be considered.
The judgment should be reversed, with costs to appellant, to abide the event. But the order denying plaintiff’s motion upon the judge’s minutes for a new trial must be affirmed, with costs, because the motion was not made during the term at which the trial took place.
Curtis, Ch. J., concurred.