JONAH D. DECKER, RESPONDENT, *v.* JAMES KITCHEN, APPELLANT, IMPLEADED, ETC.

*Practice—a defendant allowed, by an order sustaining a demurrer, to amend three defenses in his answer, may amend one only—when a plaintiff cannot return an answer served upon him—what not an irregularity within Rule 37—under the Code of Civil Procedure, a party cannot treat an answer as frivolous, and enter a judgment as on a default.*

The plaintiff having demurred to an answer interposed by the defendant, the latter, within the time allowed by law, amended it. The plaintiff then procured an order striking out, as sham, false and frivolous, the second defense set up in the amended answer, and demurred to the first, third and fourth defenses contained therein. Afterwards the defendant, without procuring leave from the court so to do, served a third answer, setting up in due form his discharge in bankruptcy, this being the same defense insufficiently pleaded in the third defense of the amended answer. The third answer was returned by the plaintiff, on the ground that it could not be served without the leave of the court.

Thereafter the demurrer was sustained, the defendant being allowed to amend the said first, third and fourth defenses, within twenty days, on payment of the costs. Within that time, the defendant paid the costs, and served an answer, setting up simply his discharge in bankruptcy, such answer being the same one already served and returned by the plaintiff. The plaintiff returned this answer as unauthorized by the order sustaining the demurrer, and because it had already been served and returned; and thereafter entered a judgment in his favor, by default, as for want of an answer.

On a motion by the defendant to vacate the judgment and compel the plaintiff to accept the answer last served. *Held*, that such answer was properly served and that the plaintiff had no right to return it.

That the entering of the judgment by the plaintiff, after the service of the said answer, was not a mere irregularity, within the meaning of that term, as used in Rule 37, requiring the irregularity complained of to be specified in the notice of motion.

Since the adoption of the Code of Civil Procedure the plaintiff can no longer treat an answer as a nullity and enter a judgment as upon a default; his only remedy in such a case is to apply to the court or a judge thereof, upon notice, as prescribed in section 537 of the said code.

APPEAL from an order made at a Special Term, denying a motion made by the defendant for leave to renew a motion to set aside the judgment entered herein, and to set aside such judgment in case such leave should be granted.

*Theodore Bacon*, for the appellant. The motion to vacate the judgment was improperly denied, when first made. It was an abuse of Rule 37, not an application of it; to hold that it covered the case of a judgment entered without the shadow of a right. (*Jackson* v. *Smith*, 16 Abb. Pr. 201, 203; *Winnebrenner* v. *Edgerton*, 30 Barb., 185; *Kellogg* v. *Howell*, 62 Id., 280; *Marquat* v. *Mulvy*, 9 How. Pr., 460.)

*W. F. Cogswell*, for the respondent. A conclusive answer to the defendant's application and to this appeal is the fact that the answer

proposed to be served is palpably frivolous. That answer sets up a discharge in bankruptcy. The action was brought against the defendants for an indebtedness arising in a fiduciary capacity, and the discharge in bankruptcy is no defense. The plea was properly treated as a nullity, not being adapted to the action. (1 Burrill's Practice, 180; *Van Vechten* v. *Cowell*, 1 Hill, 203 and cases cited; Bump on Bankruptcy, § 5117, p. 730, 9 ed.; *Whitaker* v. *Chapman*, 3 Lans., 155; *In re Seymour*, 6 Blatchf., 292.) The order is not appealable. (*Bank of Havana* v. *Morse*, 5 Hun, 626; 34 N. Y., 555; 35 Barb., 650; 44 N. Y. Super. Ct., 144.)

TALCOTT, P. J.:

The appeal in this case is in form from an order of the Special Term of Monroe county, denying the defendant's application for leave to renew a motion to set aside a judgment for $4,828,07, entered as upon the default of the defendant, as for want of an answer; and in case leave to renew be granted that then the motion to set aside said judgment be renewed. In substance, the motion was to set aside the judgment.

The proceeding was commenced against the defendant, James Kitchen, by a summons to show cause why he should not be bound by a judgment obtained in an action against both defendants as copartners, in the action originally commenced against James Kitchen and Frederick William Dorn in the same manner as if the said Kitchen had been originally summoned in the said action. The defendant Kitchen answered the affidavit and summons of the plaintiff. This answer having been demurred to by the plaintiff, the defendant Kitchen, within the time allowed by law, as of course, amended it. Thereupon the plaintiff moved at a Special Term of this court, held in Monroe county, May 4, 1878, to strike out the second defense contained in said amended answer as sham, false and frivolous. The motion to strike out the second defense as sham, false and frivolous was granted. The second defense consisted of a denial of all knowledge that a judgment founded on the joint contract of the defendant and Dorn as partners was entered as alleged. The order striking out the said second defense contained an authority to amend the same by "putting in issue the recovery

of the said judgment. The plaintiff also demurred to the first, third and fourth defenses contained in the said answer. In the mean time, and after notice of motion to strike out the second defense had been given, and after the plaintiff had demurred to the first, third and fourth defenses, the defendant undertook further to amend his answer by serving an answer that he had been discharged in bankruptcy, which was set up in due form of law, it having been insufficiently set up in the third defense to which the plaintiff had demurred; the answer so attempted to be served was rejected by the plaintiff and returned to the defendant, on the ground that the defendant had once before amended his answer, and served the same; and the plaintiff having demurred thereto and moved to strike out certain portions thereof, the defendant was not entitled to serve another answer without leave of the court, and paying the costs of the demurrer and the motion to strike out.

The demurrer to the first, third and fourth defenses came on to be argued and was decided at a Special Term in Monroe county, on August 30, 1878. The said demurrer to the first, third and fourth answers was sustained, but the defendant was permitted to amend the said first, third and fourth defenses within twenty days from the date of the order sustaining the demurrers thereto, on the payment of the costs of the demurrer. The third defense thus demurred to was intended to set out the discharge of the defendant Kitchen, under the Bankrupt Act by the District Court of the United States for the district of New Jersey, but the same was imperfectly and insufficiently pleaded in the said third defense set up in the answer demurred to, and the answer which the defendant attempted to serve on the plaintiff after the latter had given notice of the motion to strike out, and had demurred to the answer, was an answer setting out and alleging in due form of law the said discharge in bankruptcy, and containing no other matter. After the decision of the demurrers, and within twenty days after the date of the order made thereupon, the defendant paid to the plaintiff the costs of the said demurrers, amounting to $109.41; and at the same time, under the leave to amend, granted by the said order, served upon the plaintiff an amended answer, setting forth in due form of law the discharge

of the defendant under the Bankrupt Law by the United States District Court of New Jersey, but sought to amend in no other respect. The copy of answer so served may have been, and probably was, the precise same paper which had been once before served on the plaintiff, after the latter had given notice of his motion to strike out, and had demurred to parts of the said answer, and which had been rejected by the plaintiff and returned to the defendant. The said copy of answer served under the leave given by the order sustaining the demurrers was again rejected by the plaintiff, although he received and retained the $109.41 paid to him under the same order as the costs of the said demurrers. The plaintiff returned the said copy of answer so served, with the following indorsement, viz. :

" Take notice I return herewith said copy of answer to complaint served on me last evening, and decline to receive the same upon the grounds and following objections, to wit :

" 1. The same has been once served before and rejected, with certain objections therein stated, and no application has been made to the court or granted compelling plaintiff to receive said copy answer notwithstanding the said objections thereto ; and said defendant by retaining the same after such return thereof, for so long a time, has accepted and acquiesced in such return, and the objections made thereto, and said copy answer is no longer of any avail, and is out of the case and of no force or effect.

" 2. It is not a compliance with the order of August 30, 1878, served the same day, sustaining plaintiff's demurrer to defendant's answer, or in any particular.

" 3. The said copy answer is void and nugatory.

" Dated BROCKPORT, N. Y., September 20, 1878.

                  " J. D. DECKER, Plaintiff's Attorney.

" To JOHN H. KITCHEN, Defendant's Attorney."

The objections to the reception of the answer were not well founded, and in fact it is difficult to guess for what reason the copy of the answer so served was in fact rejected, unless the plaintiff believed the answer to contain a valid defense and sought by returning the same to complicate the matter in the hope in some way to avoid

the answer. Nothing further appears to have been done in the matter until December 26, 1878, when the plaintiff filed a long affidavit and entered a judgment in the clerk's office of the county of Monroe against the defendant for $4,828.07, as upon a default for want of an answer. The affidavit which was filed by the plaintiff upon entering his said judgment was made by J. D. Decker, Esq., who had appeared in person as the plaintiff's attorney. It contains a long recital of the proceedings in the case, and concludes with the following statement, attempting to show the defendant's default for want of an answer; to wit,

"Deponent further says that he has not since received nor been served with any new amendatory pleading or answer that amends the *first, third and fourth* defenses in the said amended answer, the demurrer to which the court sustained as aforesaid, and that more than twenty days have elapsed since the decision of the court sustaining said demurrer, and since a certified copy of the order sustaining said demurrer was personally served as aforesaid, and that said defendant has suffered a default and made no new amendatory answer pursuant to the permission so granted in said order."

From this affidavit it appears that the judgment entered by the plaintiff was without any application to the court, and was entered *as by default for want of an answer* after the decision of the court upon the demurrer; and furthermore, that the plaintiff assumed to disregard and reject the answer served by the defendant, either because the answer did not purport to amend any but the third answer demurred to, or because it was the same copy of answer which the defendant had ineffectually endeavored to interpose after the plaintiff had noticed the motion to strike out, and had demurred to the first, third and fourth defenses. Neither of which grounds for rejecting and returning the answer was tenable.

The defendant, in availing himself of the leave to amend given by the order sustaining the demurrers, was not bound to attempt to amend each of the defenses demurred to; and the fact that the copy of the answer served by the defendant was the same copy which the defendant had theretofore ineffectually attempted to serve on the plaintiff, and which at that time had been properly rejected

and returned by the latter, constituted no valid objection to the service of the same copy after it became authorized by the order of the court. After the entry of the judgment by the plaintiff, the defendant at once gave notice of a motion at the Special Term upon affidavits and other papers for an order vacating and setting aside the judgment, and requiring the plaintiff to receive *nunc pro tunc* the answer served upon the plaintiff cotemporaneously with payment of the costs of the demurrer, on September 19, 1878. From the affidavits upon which this motion was made it distinctly appeared that the ground of objection to the judgment was that an answer had been served and that the defendant was not in default for want of an answer when the judgment was entered; but the notice of the motion did not specify this or any other matter as an irregularity in the entry of the said judgment under the 37th Rule of this court. It appears that Mr. T. P. O'Kelly was in attendance at the term at which the said motion was to be made, but happened not to be present when, in the order of business, the motion would have been reached, whereupon the plaintiff took a denial of the said motion by default, and two sets of papers for the same motion having been served on the plaintiff he took two orders denying the said motion, as of two motions with $10 costs each. And thereupon the defendant, on his own affidavit and the affidavit of Mr. O'Kelly, offering an excuse for the default at the Special Term, moved to open the said default. On April 30, 1879, the Special Term ordered the default to be opened on payment of $10 costs, and $10 costs of opposing the motion to open the said default, but the said order expressly denied leave to serve any additional papers or affidavit of merits for the purposes of the said motion. The said costs were paid, and the said motion was made accordingly. The motion was denied, with costs, upon the ground that it was founded on alleged irregularities which were not particularly specified in the notices of the said motion. The motion was, however, denied, without prejudice to an application for leave to renew the same.

The defendant paid the costs and again noticed a motion for the next Special Term, this time specifying the supposed "irregularities," that the entry of the said judgment by the plaintiff

against the defendant Kitchen was irregular, in that said judgment was entered when an answer had been regularly and in due time served upon the plaintiff as attorney in person; and that at the time said judgment was entered the above entitled action was regularly and duly at issue upon the complaint and answer." This motion was afterwards, and on July 31, 1879, denied absolutely with costs, and from the order thereupon made the said defendant Kitchen appeals to this court. This order, though in form an order denying *leave to renew the motion*, in fact, involved the entire merits of the motion to vacate and set aside the judgment, the judge at the Special Term saying amongst other things, in a short opinion contained in the appeal book, " The sole ground on which the defendant now stands is the alleged irregularity of the plaintiff in entering the judgment." . . . " There is not a word of explanation of the omissions in the original motion papers by which the court was precluded from granting the relief sought in any form, so that *if the decision of that motion was correct this motion ought to be denied.*"

The fundamental error under which the judge who had heard both motions at the Special Term labored, we think, was in considering and treating the entry of the judgment in this case as merely *irregular*, and thus being within the provisions of Rule 37 of this court, which provides that when the motion is for irregularity the notice shall specify the irregularity complained of. We think the motion to set aside the judgment in this case was not founded in a mere irregularity, but there was a total absence of authority to enter it, and it was absolutely void as between the two parties when attacked in proper form. The judgment was entered in violation of law, and "no mere question of practice was involved in such an act, but a substantial grievance, which the defendant was entitled to have remedied without regard to forms or technicalities." (See *Jackson* v. *Smith*, 16 Abb. Pr., 201; *Winnebrenner* v. *Edgerton*, 30 Barb., 185; *Kellogg* v. *Howell*, 62 Id., 280; *Marquat* v. *Mulvy*, 9 How. Pr., 460.) And considering the motion as a motion for leave to renew the motion to vacate the judgment, we think the motion should not have been denied, but should have been granted.

It was claimed by the counsel for the respondent on this appeal that the answer being bad the plaintiff had a right to treat it as a nullity and enter judgment. This doctrine is stated in Burrill's Practice, at page 180, as applying to a plea obviously bad and amounting to a nullity—such as a plea of non-assumpsit to a declaration in debt—and authorities are cited by Mr. Burrill which seem to countenance this practice in certain cases; but we think the practice, even to a limited extent, has become obsolete since the provisions of the Code of Civil Procedure. The Code of Civil Procedure provides (§ 537) if a demurrer, answer or reply is frivolous the party prejudiced thereby, *upon a previous notice to the adverse party, may apply to the court* or to a judge of the court, *for judgment thereupon,* and judgment may be given accordingly. And section 518 of chapter 6 provides that the said chapter 6 prescribes the rules by which the sufficiency of the pleading is determined, and one of the rules thus prescribed is by an application to a court or a judge. We think this provision has superseded the practice of treating an answer as a nullity, although the court may deem it frivolous, and the practice of disregarding an answer regularly served has long been discontinued. Its re-introduction is not desirable, as it would lead to innumerable motions if attorneys were to assume to judge for themselves whether an answer is frivolous, and, upon coming to such conclusion, to disregard it. Besides, the judgment was entered as upon default for want of any answer, and not on account of the frivolousness of the answer interposed; so that if the judgment is allowed to stand the record will not show the answer, and the defendant may thus be deprived of an opportunity to review the opinion of the attorney for the plaintiff that the answer was frivolous. The answer may not contain any valid defense to the action of the plaintiff; upon that point we express no opinion, but we think the only way for the plaintiff to get rid of it was to demur to it; or move to strike it out as frivolous or sham. We think, therefore, that the judgment entered by the plaintiff was entered wholly without authority of law, and as between the parties should have been so held on the motion to vacate it.

Order appealed from reversed and the judgment vacated and set

aside, with $10 costs of the motion, and $10 costs and disbursements of appeal.

Present—Talcott, P. J., Smith and Hardin, JJ.

Ordered accordingly.