The People *against* HARDENBERGH and others.

SUDAM, in behalf of *Johannis G. Hardenbergh*, mo- ved to set aside the attachment issued in this cause, for the non-payment of costs in a certain suit in ejectment.

*L. Elmendorf*, contra.

Numerous affidavits were read on both sides; but as enough appears from the opinion delivered by the court, it is unnecessary to detail the facts.

*Per Curiam.* The ejectment suit of *Jackson*, ex dem. *Jonas Harsbrouck* and *Johannis G. Hardenbergh*, v. *John Schoonmaker*, terminated in favour of the defendants; and the costs were taxed at 684 dollars, and 6 cents. The defendant, afterwards, on the 1st of *April* last, entered into an agreement with *Johannis G. Hardenbergh*, one of the lessors, to collect a moiety of those costs of the other lessor, and settled with him for one moiety, and

A settlement of the costs by the defendant in a suit, in whose favour they are awarded, with the plaintiff is valid, if made without notice from the defendant's attorney of any claim or lien, and without any collusion, to deprive the attorney of his costs. The claims which an attorney may have on his client for extra services, or for counsel fees, make no part of the attorney's lien upon the taxed costs, or which the court will protect against the interference of his client.

gave him a discharge in full. Notice of this proceeding was immediately communicated to Mr. *Elmendorf*, the defendant's attorney, and notwithstanding that notice, he has since sued out an attachment, for a moiety of the taxed costs against *Johannis G. Hardenbergh*, who now applies to have the attachment set aside. It is admitted by Mr. *Elmendorf*, that the fees of the jurors, witnesses, surveyor and shower, as taxed in the bill, amounted to 315 dollars, and 53 cents, and that he has not advanced any part of those disbursements, nor does it appear that he has made himself personally responsible for them, or any part of them. This settlement of the costs by the defendant himself, in whose favour they were awarded, being made previous to any notice from the attorney prohibiting the settlement, is valid, according to the case of *Pindar* v. *Morris;* (3 *Caines*, 165.) unless it appears to have been done collusively to cheat the attorney. But it would be going too far to infer such a charge from the facts in this case, considering that nearly a moiety of the bill was not due to the attorney in his character of attorney, but belonged to the defendant, who is responsible for those disbursements. The small surplus remaining of the moiety, after deducting those disbursements, was no object that could justify the imputation of collusion or fraud. The claims which the attorney may have upon the defendant for his extra services, and for counsel fees, constitute no part of an attorney's lien upon the taxed costs, or which the court will protect against the interference of his client.

The motion to set aside the attachment, as against *Johannis G. Hardenbergh*, is, therefore, granted.