Marquat agt. Mulvy.

## SUPREME COURT.

### MARQUAT, Appellant, agt. MULVY, Respondent.

Where the notice of motion was "to set aside the judgment for irregularity, in this, to wit: in entering up judgment and filing a record thereof subsequent to a full and complete settlement and for such further relief," &c.,—*held*, not to be a motion to set aside the judgment for *irregularity merely*, and, therefore, the order made upon such motion was *appealable*.

Where the defendant was threatened by plaintiff and others accompanying the latter with a prosecution for perjury if he did not accept of a certain sum and give a receipt in full of all demands, to settle a suit in which the defendant had, unknown to him, obtained a judgment of reversal and restitution against

Marquat agt. Mulvy.

the plaintiff; at the same time was informed that in case he succeeded against the plaintiff, he would get nothing, as the whole would go to his attorney for costs.

*Held*, that on such receipt and settlement being obtained from the defendant before the actual entry of the judgment of restitution, and in entire ignorance of the whole matter, by the defendant's *attorney*, that it was illegal, and a fraud upon the defendant's attorney, and was void, as to him. The judgment entered, *after notice of the settlement*, was allowed to stand for the indemnity and protection of the attorney.

While the court will interfere summarily to protect a party from the imposition or fraud of an attorney, it is bound, on the other hand, to shield its attorneys and other officers from the frauds of parties.

*Dutchess General Term, July,* 1854. Before Brown, Rockwell and Dean, Justices.—This was an appeal from an order of Justice Barculo, refusing to set aside a judgment docketed after the parties had settled.

Marquat, in 1851, sued Mulvy in justices' court and obtained judgment for $48.05 : Mulvy appealed to the county court. Prior to the decision in that court, Marquat, on proceedings supplemental to execution, collected of Mulvy the above judgment with costs, amounting to $74.94. The county court reversed the justices' judgment with costs, and ordered restitution. On this reversal a judgment was entered in that court for $99.56. The plaintiff appealed to the supreme court. At the January term, 1853, the judgment of the county court was affirmed with costs. The plaintiff and attorneys for both parties resided in Rhinebeck, Dutchess county. At the time of the affirmance of the judgment by the supreme court, and up to the settlement, Mulvy resided in New-York city, and had no knowledge of the result of the suit. His attorney, Mr. Wager, was in Europe. The plaintiff, with a full knowledge of the facts, on the 5th February, 1853, went to New-York and endeavored to settle the whole case for $10, but failed. On the 8th February the plaintiff again went to see the defendant, and took with him a constable with a warrant against the defendant for perjury, and the justice of the peace before whom the original suit had been tried. They then obtained from the defendant a receipt for $10 in full of all demands, claims, &c. They, however, paid him $12. The defendant's attorney had

no knowledge of this arrangement between the parties, and on the 10th February gave notice that on the 14th he would apply to the clerk for the entry of judgment, &c. The plaintiff's attorney then gave notice of the arrangement between the parties. The defendant's attorney disregarded this, and proceeded with the entry of judgment, and had the same docketed for $169.72. The plaintiff on affidavit moved at the March special term to set aside the judgment for irregularity, &c. The defendant and his attorney on affidavits opposed the motion. Judge BARCULO referred it to a referee to take proofs, &c., as to the fairness of the settlement. The referee reported that as to Mulvy he thought the settlement could not be impeached; but as to his attorney, Wager, or his costs, included in the judgment, that it was not fair. Judge BARCULO, on the coming in of this report, denied the motion to set aside the judgment, and from that order the plaintiff has appealed.

M. CONGER, *for appellant.*
A. WAGER, *for respondent.*

By the court, DEAN, Justice. An objection was taken on the argument, that as the notice of the plaintiff's attorney was to set aside the judgment for "irregularity," that it was not appealable. The notice did not stop with setting aside the judgment for irregularity, but adds, "in this, to wit: in entering up judgment and filing a record thereof subsequent to a full and complete settlement," &c. This clearly is not merely an irregularity, although the plaintiff's attorney has called it such. I think the order an appealable one, and that the motion should now be decided on the merits.

Mulvy in his affidavit says that the plaintiff in the first interview on the 5th February, told him the "old suit" was still going on. He further says that he had no knowledge of the decision in his favor, and that he was threatened by plaintiff and those who accompanied him with arrest for perjury if he did not give the receipt; they also told him that in the event of a decision in his favor he would get nothing, but his attorney would retain the whole for fees. He says that under these

circumstances—in the absence of his attorney in the action—in ignorance of the true state of facts, and to avoid an arrest for perjury, he signed the receipt, and the constable then *surrendered the warrant to him.* It is very clear, therefore, that a part of the consideration with Mulvy on the settlement was this release from arrest, or liability to arrest on the warrant. And as this was illegal, both on the part of the plaintiff and defendant, and affects materially the rights of an innocent party—the defendant's attorney—I think the settlement was void, and should not be regarded by this court.

There is an additional reason why this arrangement between the parties should be held invalid, growing out of the duty of the court to protect its officers. The affidavits show that Mulvy is utterly irresponsible. A judgment had in justices' court been obtained against him. From this he appealed to the county court, and at last it got into this court, where a final judgment had been rendered. Mr. Wager, his attorney, had followed it all the time. He had, in addition to his own services, been necessarily compelled to expend a considerable sum in disbursements, and to allow this act of the parties to stand would leave him without any redress. It is impossible after reading the papers submitted on this motion, to doubt that the object of the plaintiff in seeking the defendant at the time he did, and subsequently employing the means that were used, was to avoid the payment of the costs which had been adjudged against him, and which equitably belonged to the defendant's attorney. I do not think it necessary in this case to give an opinion upon the point which seems at present disputed as to the lien of an attorney on the judgment for his costs. The court has the custody of its own records and the control of its process, and while it will interfere summarily to protect a party from the imposition or fraud of an attorney, it is bound on the other hand to shield its attorneys and other officers from the frauds of parties. By rigidly enforcing this rule, we shall best protect both attorney and client, and prevent attempts at undue and unfair practices.

As the county court ordered restitution to the defendant of

the amount collected of him on the justices' judgment, there is probably enough in the judgment in this court to pay the defendant's attorney, after deducting the $12 paid to the defendant on the 8th February, 1853. It may be equitable to allow that as a payment. I think, therefore, that the order refusing to set aside the judgment should be affirmed, and the defendant's attorney should be directed to collect the judgment, less the $12 and interest thereon.

Ordered accordingly.