## NEW YORK COMMON PLEAS.

HENRY RASQUIN agt. THE KNICKERBOCKER STAGE COMPANY.

Where a *settlement* of an action *before verdict or judgment* is privately effected between the *parties*, with a design of preventing the *attorney* from obtaining his *costs*, the court will, notwithstanding the settlement, and though the attorney has given *no notice* of his claim for costs, allow him to go on and collect them. The court interposes upon the general principle that it is equitable and right to protect the attorney against a dishonest combination between the parties, to deprive him of the fruits of his labor and services. (*And it seems to be difficult to see how, under the Code, the parties can privately settle a cause without its raising a legal presumption of fraud in rights of the attorney.—*REP.)

*General Term, July,* 1861.

*Before* DALY, BRADY and HILTON, *Judges.*

APPEAL from an order denying defendants motion to discontinue the action.

A. R. LAWRENCE, Jr., *for defendants.*

CLEGG & SEMLER, *for plaintiff.*

By the court, DALY, F. J. This was a motion on the part of the defendants for an order discontinuing the suit on the ground that it had been settled between the plaintiff and the defendants. The action was brought by the plaintiff, to recover for the loss of service and the expense he had

been put to, in consequence of an injury sustained by his son, arising from the negligence of the defendants' servants, in which the plaintiff laid his damages at two thousand dollars. The cause had been at issue for eleven months, during which period it had been twice reached, and was ready for trial on the part of the plaintiff, but was put off on the defendants' motion. A settlement was then effected between the president of the stage company and the plaintiff, without the knowledge of the plaintiff's attorney, by the defendants paying to the plaintiff three hundred and fifty dollars, and the plaintiff executing and delivering to the defendants a written instrument, by which he discharged them from all claim or claims growing out of the accident, declaring that it was the express understanding that they were not to pay any more costs and charges of any kind than were embraced in the above-named sum. The next day after this settlement was effected, the plaintiff's attorney wrote to his client, informing him that the cause would be on the day calendar for trial, on the following Monday, and requesting him to call for subpœnas for his witnesses, to which the plaintiff answered by letter, that his means did not allow him to continue the suit, and directing his attorney to let it rest. Though the plaintiff's attorneys did not notify the defendants that they had a claim for costs, and that they were not to settle or compromise with the plaintiff; Mr. Clegg, one of the attorneys, swears that he was informed and believes that the defendants knew of the right of the attorneys to the costs of the action, and that they combined with the plaintiff to defraud them out of their costs; that they knew that the plaintiff was totally irresponsible, and that they made the first overtures to him, and induced him to act without the knowledge of the attorneys and in fraud of their rights; and as this is not denied on the part of the defendants, nor on the part of the president, by whom the settlement was made, it must be taken to be true.

Where a settlement is privately effected between the parties, with the design of preventing the attorney from obtaining his costs, the court will, notwithstanding the settlement, allow the attorney to go on and collect the costs in the action, that he may thereby secure himself. (*The People* agt. *Hardenburgh*, 8 *Johns.*, 259; *Pindar* agt. *Morris*, 1 *Car.*, 165; *Read* agt. *Dupper*, 6 *T. R.*, 361; *Chapman* agt. *How*, 1 *Taunt.*, 341.)

That there was such a combination in this case is, as I have said, not denied; but the defendants insist that before verdict or judgment the attorney can have no lien, except upon money paid into court; that there must be something to which his lien will attach, and that that does not exist until the liability of the defendant or of the plaintiff is ascertained by verdict or by the entry of judgment. They claim the rule to be that if, after verdict rendered or judgment entered, the parties settle in fraud of the attorney's lien, the court will allow him to enforce the judgment to the extent of the costs included in it, and even then only where he has given notice to the defendant of his lien. The case of *Swain* agt. *Senate* (5 *Bos. & Pul.*, 99) is expressly to the contrary. In that case there was a collusive settlement before judgment, and the attorney had given no notice of his claim for costs; yet he was allowed to enter judgment and to issue a *scire facias* against the bail. The court said that it was a fraudulent attempt to deprive the attorney of his costs, and that, therefore, the plaintiff's attorney ought to be at liberty to proceed for his costs, and to recover nominal damages.

We are referred to the case of *Ex parte Harte* (1 *Barn. & Adolph.* 462) to show that where the action is for unliquidated damages, the parties may settle, even though the attorney has given notice to the defendant not to compromise or settle the suit without his consent, and in which the court refused to aid the attorney. The court did notice that feature as distinguishing it from the preceding cases,

which were for the recovery of a liquidated amount, but they also put their decision upon the ground that there was no collusion in that case.   Where there is collusion, it can make no difference whether the damages claimed are liquidated or not.   The power of the court is not limited to cases where the action is brought for a liquidated sum, but it interposes upon the general principle that it is equitable and right to protect the attorney against a dishonest combination between the parties to deprive him of the fruits of his labor and services.   The plaintiff's attorney had a right to go on and enter up judgment for the costs, and the motion of the defendants for an order discontinuing the action was properly denied.