PAULINE E. WHITE and TERESA H. ENGLISH, Appellants, *v.* IDA D. SUMNER and Others, Defendants; EUGENE TREADWELL, Respondent.

*Attorney's lien — it does not cover a defense proper.*

An attorney has no lien for his services upon a defense, which is not a counterclaim, and, therefore, he is not entitled to have a settlement, made without his knowledge by a defendant for whom he has interposed such defense, set aside in order that the action may be prosecuted to judgment.

APPEAL by the plaintiffs, Pauline E. White and another, from so much of an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 24th day of October, 1896, as denies the plaintiffs' motion on defendants' consent for an order of discontinuance of the action, without costs.

Also, from an order entered in said clerk's office on the 21st day of November, 1896, denying the plaintiffs' motion for leave to submit answering affidavits to an affidavit handed up on a previous motion by the defendants' attorney, without notice to, or knowledge by, them.

Also, from an order entered in said clerk's office on the 28th day of November, 1896, granting a motion by the defendants' attorney for leave to prosecute the action to judgment, notwithstanding its settlement by the parties.

*H. B. Closson*, for the appellants.

*Eugene Treadwell*, for the respondent.

GOODRICH, P. J.:

The action was for the foreclosure of a purchase-money mortgage. The answer of the defendants, who were obligors on the bond, alleged that when the bond was given it was orally agreed that the bond should be a mere formality, never to be enforced.

The trial of the action was commenced in January, 1896, at which time the plaintiffs moved for judgment on the pleadings, but the court decided that the answer set up a good and sufficient defense. The defendants put in their evidence, and, at the close of the defend-

ants' case, the motion for judgment was renewed and denied, and the trial was then adjourned to a later date, previously to which the parties, without the knowledge of the defendants' attorney, agreed upon a settlement and discontinuance, without costs. A motion for leave to discontinue was made and granted upon condition of payment of costs and allowance within twenty days, the trial being further adjourned to cover the time allowed for compliance with the order. From this order the first appeal is taken.

The plaintiffs also moved for a resettlement of the above-mentioned order. This motion was denied, and the second appeal is from this order.

The costs allowed by the first order were never paid, and the defendants' attorney moved to set aside the settlement and consent for discontinuance, so far as to permit him to proceed to judgment with the action, in order to secure the payment of his costs and fee. This motion was granted, and from it the third appeal is taken.

Section 66 of the Civil Code provides for an attorney's lien upon his client's cause of action or counterclaim, and that such lien " cannot be affected by any settlement between the parties before or after judgment."

The answer does not set up facts to show a counterclaim, and the defense is not pleaded nominally as a counterclaim ; it is stated to be a defense. Upon such a defense as is set up there cannot, in the nature of things, be a lien. While an attorney has a lien upon a counterclaim he has none upon a defense, and the third order, therefore, was erroneous. In this view it is not necessary to decide whether or not the settlement between the parties was collusive.

It appears by the record that the attorney has been paid by his client a part of the costs and fee. For the remainder he has his resort to his client, but, as the parties to the action settled it, and no. benefit can result to the attorney from continuing it, the three several orders must be reversed, without costs, and the motion to discontinue granted, without costs.

All concurred.

Orders reversed, without costs, and the motion to discontinue granted, without costs.