NATIONAL EXHIBITION COMPANY, Appellant, *v.* SAMUEL CRANE, as President of the ATLANTIC LEAGUE OF PROFESSIONAL BASE BALL CLUBS, Respondent.

ATTORNEY AND CLIENT— POWER OF SUPREME COURT TO IMPOSE COSTS UPON DISCONTINUANCE OF ACTION IN WHICH NO COUNTERCLAIM IS INTERPOSED. Where the defendant, after issue joined in an action at law in which no counterclaim is interposed, after the cause is on the calendar and noticed for trial, without the knowledge or consent of his attorney, without paying or providing for the payment of his costs and for the purpose of depriving him of his costs, stipulates with the plaintiff that the action may be discontinued without costs, the Supreme Court, in the exercise of its inherent power to protect one of its own officers against collusion and fraud practiced by parties after they have come before it for trial,

64

has the right to impose the payment of costs to the defendant's attorney by plaintiff as a condition to the granting of an order discontinuing the action on application of the plaintiff.

*Nat. Exhibition Co.* v. *Crane,* 54 App. Div. 175, affirmed.

(Argued June 4, 1901; decided June 14, 1901.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, made October 19, 1900, which reversed an order of Special Term discontinuing the action upon stipulation, without costs.

The plaintiff, a foreign corporation, brought this action against the defendant, as president of an unincorporated association, to recover a certain sum as money had and received. The answer alleged several defenses, but no counterclaim. In due course of procedure the cause was reached for trial upon the day calendar, and was adjourned a number of times at the request of the plaintiff, the last adjournment being made upon the express promise of its attorney that he would try the case the next time it was reached. When again reached, upon the application of the plaintiff's attorney, it was passed for the day on the ground that negotiations were pending for a substitution of attorneys, with the assurance from the court, however, that it would have to be tried upon the following day. The next day, owing to a substitution of attorneys for the plaintiff, it was passed by consent until the 19th. In the meantime the defendant's association had gone out of existence, leaving no assets, its members were all financially irresponsible, and the only reliance of the attorney for the defendant for compensation was the costs of the action, of which the plaintiff had due notice. On the 19th the defendant's attorney was ready with his witnesses, subpœnaed at his own expense, to go on with the trial, as he had been on the previous occasions when the case was continued, but the announcement was made by the attorney for the plaintiff that he had just secured from Mr. Crane, the president of the defendant's association, a consent to discontinue, without costs.

Crane had no interest in the action, but was merely an agent on a salary, and he attended court simply because he was subpœnaed by the attorney for the defendant. The court refused to allow a discontinuance, marked the case ready, and while it was in that situation the defendant was served with an order to show cause why the action should not be discontinued, without costs. Upon the return day the motion of the plaintiff was granted, but, upon appeal, the order was reversed by the Appellate Division, with leave to the plaintiff to apply for a discontinuance upon payment of costs. This appeal was brought pursuant to leave granted by the Appellate Division.

*De Lancey Nicoll* for appellant. The defendant's attorney had no lien. (*Matter of Lexington Ave.*, 30 App. Div. 602; *Longyear* v. *Carter*, 88 Hun, 513; *White* v. *Sumner*, 16 App. Div. 70; *Randall* v. *Van Wagenen*, 115 N. Y. 527; *Sherry* v. *O. S. N. Co.*, 72 Fed. Rep. 565.) The protection of an attorney cannot be extended beyond the enforcement of his lien. (*Turwin* v. *Gibson*, 3 Atk. 720; *Welsh* v. *Hole*, 1 Doug. 238; *Read* v. *Draper*, 6 Tenn. 361; *Martin* v. *Hawks*, 15 Johns. 405; *Rooney* v. *S. A. R. R. Co.*, 18 N. Y. 368; *Ackerman* v. *Cochran*, 14 Abb. Pr. 229; *MacKinzie* v. *Mackintosh*, 64 L. T. Rep. 706; *Lucas* v. *Peacock*, 9 Beav. 177; *Hall* v. *Lover*, 1 Hare, 571; *Ormond* v. *Tate*, 1 East. 464.) The purpose with which the action was discontinued has no bearing upon the rights of defendant's attorney. (*Quested* v. *Collis*, 10 M. & W. 17; *McBratney* v. *R., W. & O. R. R. Co.*, 17 Hun, 385; *Matter of Gaines*, 3 H. & C. 294; *Quinlan* v. *Birge*, 43 Hun, 483; *Levis* v. *Burke*, 51 Hun, 71.)

*John M. Ward* for respondent. The consent to discontinue having been collusively made with the purpose of depriving defendant's attorney of his costs, the court will not lend the use of its process to further and effectuate the fraud. (*Marquat* v. *Mulvy*, 9 How. Pr. 460; *Quested* v. *Collis*, 10 M. & W. 18; *Young* v. *Dearborn*, 27 N. H. 324;

*Pickard* v. *Yencer*, 21 Hun, 403 ; *Dimick* v. *Cooley*, 3 Civ. Pro. Rep. 141; *Coughlin* v. *N. Y. C. & H. R. R. R. Co.*, 71 N. Y. 443 ; *McKenzie* v. *Rhodes*, 13 Abb. Pr. 337 ; *Rasquin* v. *K. S. Co.*, 21 How. Pr. 293 ; *Heartt* v. *Chipman*, 2 Atk. 162; *Barker* v. *St. Quentin*, 12 M. & W. 440.)

*Per Curiam.* The following question has been certified to us by the Appellate Division for decision, viz. : " Where it appears that, after issue joined in an action at law in which no counterclaim is interposed, the defendant, after the cause is on the calendar and noticed for trial, without the knowledge or consent of his attorney ; without paying or providing for the payment of his costs, and for the purpose of depriving him of his costs, stipulates with the plaintiff that the action may be discontinued, without costs, is the Supreme Court vested with discretionary power to impose the payment of costs to the defendant's attorney by plaintiff, as a condition to the granting of an order discontinuing the action on application of the plaintiff ? "

Honest settlements by parties, made with no intention to take advantage of their attorneys, but for the simple purpose of ending the litigation, are praiseworthy and should be encouraged. Dishonest and collusive settlements, made with intent to defraud the attorneys upon either side, are reprehensible and should be condemned. The plaintiff asked for relief founded on a settlement of the latter character, and the court had the power to refuse to stain its records by an entry based upon fraud. The power of the court is not founded upon a lien of the defendant's attorney, for, as there was no counterclaim, he had none, but upon its right to protect one of its own officers against collusion and fraud practiced by the parties after they had come before it for trial. The power is not statutory but inherent, and has frequently been recognized by the courts, although their decisions upon the subject are not uniform. (*Coughlin* v. *N. Y. C. & H. R. R. R. Co.*, 71 N. Y. 443, 448 ; *Randall* v. *Van Wagenen*, 115 N. Y. 527, 532; *Pulver* v. *Harris*, 52 N. Y. 73 ; *McBratney* v. *R., W.*

& *O. R. R. Co.*, 17 Hun, 385 ; *Walsh* v. *Flatbush, N. S. & C. R. R. Co.*, 11 Hun, 190 ; *Wormer* v. *Canovan*, 7 Lans. 36 ; *Quinnan* v. *Clapp*, 10 Abb. N. C. 394 ; *Quincey* v. *Francis*, 5 Abb. N. C. 286 ; *Rasquin* v. *Knickerbocker Stage Co.*, 21 How. Pr. 293, 295 ; *Marquat* v. *Mulvy*, 9 How. Pr. 460, 463 ; *Talcott* v. *Bronson*, 4 Paige, 501 ; *People* v. *Hardenbergh*, 8 Johns. 335.) In this case the plaintiff asked the aid of the court to carry into effect a settlement " made for the purpose of depriving " an attorney of his costs, and the court was not obliged to assist in effecting the fraudulent design. While the parties have an undoubted right to adjust their differences, when the settlement is the result of a conspiracy between them to cheat the attorney of either out of his compensation for faithful service, the court may properly withhold its aid from those who seek by furtive means to perpetrate a wrong under the cover of a compromise.

The order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.

PARKER, Ch. J. (dissenting). If the power exists in the court, which I doubt, of compelling parties against their will to litigate to the end a pending action in order to secure to the defendant's attorney a bill of costs out of the plaintiff in the event that it shall transpire that the defendant has a good defense, it should never be exercised, for the creation of such a precedent will tend to promote, not to check, useless litigation, thereby adding to the public burdens and contributing to the annoyance of the responsible litigant. No principle can be invoked in support of such a holding, for the plaintiff owes the defendant's attorney no duty whatever and is under no obligation to pay him anything, and as the defendant has no cause of action his attorney is without any lien for the court to enforce. Without any claim then of any kind or character against a plaintiff, a defendant's attorney nevertheless asks that against his will the plaintiff be forced to try an action to see if the attorney cannot secure a claim against him. And the excuse presented to the court for requesting

such a determination is that the plaintiff has not agreed in his settlement to pay to his opponent's attorney something that he is concededly under no obligation to pay him. . The plaintiff's conduct is miscalled fraudulent, for how can it be fraudulent for one to omit to provide for the payment to another of money which he does not owe to him, and for which that other has no claim whatever.

BARTLETT, HAIGHT, VANN, LANDON, CULLEN and WERNER, JJ., concur for affirmance; PARKER, Ch. J., reads dissenting memorandum.

Order affirmed.