to say that a suitor cannot object that a judgment against him was rendered by proceedings which violated a statute of the state, if those proceedings constitute an indictable offense."

It results from these views that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide event.    All concur.

---

(37 Misc. Rep. 514.)

### SARANAC & L. P. R. CO. v. ARNOLD et al.

(Supreme Court, Special Term, New York County.    March, 1902.)

1. DISCONTINUANCE—OBJECTIONS BY ATTORNEY.

Where an answer in an action sets up no counterclaim or new matter or affirmative defense, and the parties agree to discontinue before a second trial, and without costs, they will not be compelled to go to trial for the benefit of the attorneys of defendant, who rendered services on the first trial and on subsequent appeal when the case was sent back for a new trial.

2. ATTORNEY'S LIEN.

An attorney for a defendant has no lien under Code Civ. Proc. § 66, where his client has not claimed in his answer any affirmative relief; but the court has inherent power to protect attorneys against the fraud and collusion of the parties in the settlement of cases.

Action by the Saranac & Lake Placid Railroad Company against Charles E. Arnold and Alfred J. Voyer.    Motion to discontinue granted.

Forster & Spier, for the motion.

Straley, Hasbrouck & Schloeder and Thomas M. Rowlette, opposed.

GILDERSLEEVE, J.    This is an application made by Messrs. Forster & Spier, as attorneys for the plaintiff, for an order discontinuing this action without costs to either side.    Both of the defendants (i. e., Charles E. Arnold and Alfred J. Voyer) have given their consents in writing, duly acknowledged, to such discontinuance without costs.    The motion, however, is opposed by Messrs. Straley, Hasbrouck & Schloeder, attorneys herein for the defendant Voyer, and by Mr. Thomas M. Rowlette, attorney herein for the defendant Arnold, on the ground that costs should be paid to the said attorneys as a condition for the discontinuance.    The history of the case is substantially as follows, viz.:    The complaint sets forth a cause of action in conversion, and the answers admit some of the allegations of the complaint, and deny others.    There is no counterclaim, set-off, affirmative defense, or new matter set up in the answers of the defendants, who, as we have seen, appear separately, and are represented by different attorneys, and have put in separate answers.    The case was tried, and the complaint dismissed. Plaintiff appealed to the appellate division, where the judgment was affirmed.    58 N. Y. Supp. 710.    Plaintiff then appealed to the court of appeals, where the judgment was reversed, and a new trial ordered, with costs to abide the event.    60 N. E. 647.    No second trial has been had, and, as I have stated, the plaintiff, with the consent

of the two defendants, moves to discontinue the action without costs to either party. The attorneys for the defendants claim that the settlement between the plaintiff and the two defendants was done with a view, among other things, of cheating and defrauding said attorneys, by preventing them from getting their costs. This allegation is denied by the attorneys for the plaintiff, who claim that there never was any collusive agreement for the purpose of depriving defendants' attorneys of their costs, but that said attorneys at the time of such settlement were not, and are not now, entitled to any costs in this action. It is the contention of the plaintiff's attorneys that inasmuch as the court of appeals reversed the judgments of the trial term and appellate division in defendants' favor, and ordered a new trial, with costs to abide the event of such new trial, and inasmuch as no new trial has taken place, there can be no costs now due to the defendants or their attorneys, and that until the case is tried again the situation is the same as if no trial had ever taken place. It is further urged on the part of plaintiff that the plaintiff cannot be forced to try the action against its will, and against the will of the defendants, in order to see if the defendants' attorneys can secure a claim against plaintiff for costs.

So far as any lien, under section 66 of the Code, in favor of the defendants' attorneys, is concerned, the nature of the answers is fatal to such a claim. It will be remembered that there is no counterclaim, set-off, affirmative defense, or new matter in the answers, but simply admissions and denials of the various allegations of the complaint. In the case of White v. Sumner, 16 App. Div. 70, 44 N. Y. Supp. 692, it was held that "an attorney has no lien for his services upon a defense which is not a counterclaim." This language is used by the appellate division in that case, viz.: "While an attorney has a lien upon a counterclaim, he has none upon a defense." Again, in the case of Pierson v. Safford, 30 Hun, 522, the following language is employed: "In no event can there be an affirmative recovery by the defendant, and consequently there is nothing involved in the action upon which the defendant's attorney can have a lien for costs." In the case of Longyear v. Carter, 88 Hun, 514, 34 N. Y. Supp. 785, it is said: "To bring himself within this section [section 66 of the Code], defendant's attorney should have shown that defendant had set forth a cause of action by way of a counterclaim in her answer to the plaintiff's complaint. That is the only thing that would give him a lien before judgment." In the case of Tuck v. Manning, 17 Civ. Proc. R. 175, 6 N. Y. Supp. 140, it was held by the general term of this department that "where the defendant in an action did not seek any affirmative relief, but by his defense merely sought to defeat plaintiff's claim, there is nothing upon which any lien of his attorney can attach." It is therefore well established in the case at bar that the attorneys for defendants have no lien under the statute, but must rest their claim upon the rights of attorneys as they existed under the common law. At common law an attorney had no lien before judgment, and the parties were at liberty to settle between themselves, and such settlement would not be disturbed unless it was shown that it was made collusively and for the

purpose of defrauding the attorneys out of their costs. See Long-year v. Carter, 88 Hun, 513, 514, 34 N. Y. Supp. 785. In the case at bar, as we have seen, it is claimed by the objecting attorneys that the facts disclosed on this motion show fraud and collusion between the parties for the purpose of cheating the said attorneys out of their costs; while the attorneys for plaintiff flatly deny this claim, and maintain that the settlement was done in good faith, and without any collusive intent of depriving the attorneys for defendants of their costs; and the plaintiff's attorneys urge that the attorneys for the defendants have their remedy against their clients for their fees. If the settlement was dishonest and collusive, and made with intent to defraud the defendants' attorneys, it was reprehensible; and this court has the power, under such circumstances, to impose the payment of costs to defendants' attorneys by the plaintiff, as a condition for granting plaintiff's motion to discontinue the action. See Exhibition Co. v. Crane, 167 N. Y. 505, 60 N. E. 768. The power of the court to protect its officers against collusion and fraud practiced by parties to actions at law is not founded upon a statutory lien of the attorneys, but is inherent in the court, and the court will not assist in effecting a fraudulent design. On the other hand, honest settlements by parties, made with no intention to take advantage of their attorneys, but for the purpose of ending the litigation, should be encouraged. See Exhibition Co. v. Crane, supra. The evidence of fraud and collusion in the settlement should be preponderating and convincing, in order to warrant the court in interfering to protect the attorneys' rights under the common law. While it is undoubtedly a hardship for these attorneys to have performed much work without adequate remuneration, still I do not feel warranted, under the state of facts presented by the affidavits on this motion, in refusing the parties permission to discontinue the action without costs. Motion granted. No costs of motion.

Motion granted. No costs.