(39 Misc. Rep. 105.)

### FROMME v. UNION SURETY & GUARANTY CO. et al.

(Supreme Court, Special Term, New York County. October, 1902.)

**1. ATTORNEY'S LIEN—PROPERTY SUBJECT.**

Where a temporary injunction has been granted in an action, defendant's attorney cannot acquire, under Code Civ. Proc. § 66, giving an attorney a lien on his client's cause of action or counterclaim, any lien, where the answer served contains no counterclaim, against a surety on plaintiff's bond, which became liable in damages to defendant when the injunction was vacated.

**2. SAME—RELIEF IN EQUITY.**

An equitable action will not lie to enforce an attorney's lien given by Code Civ. Proc. § 66.

Action by Herman Fromme against the Union Surety & Guaranty Company and Patrick J. McDonald. Complaint as to surety company dismissed.

James A. Douglas, for plaintiff.
Van Schaick & Norton, for defendants.

SCOTT, J. This is an action to enforce an attorney's lien. The defendant has answered, and the plaintiff demurs to two of the defenses pleaded. The defendant not only undertakes to sustain its answer, but, as it has a right to do, attacks the complaint as not stating facts sufficient to constitute a cause of action. It is well settled that a demurrer to an answer searches the whole record for the first fault in pleading that is defective in substance. Baxter v. McDonnell, 154 N. Y. 432, 48 N. E. 816. The plaintiff alleges that he is the survivor of a firm of lawyers who were attorneys for the defendant McDonald in an action brought against the latter by Henry Youngs and others. In that action a preliminary injunction was obtained restraining McDonald from removing or interfering with certain personal property in a house in the city of New York. This preliminary injunction was continued, the plaintiffs Youngs and others giving an undertaking, upon which the defendant surety company was the surety, to pay any damages that McDonald might sustain by reason of the injunction, if it should finally appear that it was im-

providently granted. Upon the trial of the action of Youngs against McDonald, the latter was successful, and the complaint was dismissed, the injunction falling with it. Thereupon the damages suffered by McDonald by reason of the injunction were assessed at $2,075, which amount, on appeal, was reduced to $775. McDonald's taxable costs in the action amounted to $389.94. The plaintiff claims a lien upon the damages thus assessed for his services rendered to McDonald in the action brought by Youngs and others, and sues to establish and enforce such lien. If it shall appear, as the defendant insists, that the plaintiff herein cannot successfully assert a lien upon the damages awarded to his former client, this action must fail, and it will be unnecessary to consider any other question raised upon the argument of the demurrer. What is commonly known as a "charging lien," such as the plaintiff seeks to enforce here, so far as it exists in this state, rests upon the provisions of section 66 of the Code of Civil Procedure, which provides that "from the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come." It is well settled that the attorney for a defendant can acquire no lien under this section unless his answer has contained a counterclaim. Exhibition Co. v. Crane, 167 N. Y. 505, 508, 60 N. E. 768. Such, indeed, is the plain provision of the section; and, when an attorney has acquired a lien by the service of an answer containing a counterclaim, it is upon that counterclaim that he is given a lien, and the verdict, report, decision, judgment, or final order to which the lien attaches is that which is founded upon the counterclaim contained in the answer. It is not alleged in the complaint that McDonald's answer in the action against him by Youngs contained a counterclaim, and certainly the liability of the defendant surety company to McDonald, upon which the plaintiff now seeks to impress a lien, was not founded upon any counterclaim contained in McDonald's answer in the injunction suit. The plaintiff, therefore, has no lien upon the indebtedness of the defendant surety company to McDonald, and this action cannot be maintained to enforce such a lien. Even if the plaintiff had such a lien as he seeks to enforce, it seems to be well settled that an equitable action like the present could not be maintained. Fischer-Hansen v. Railroad Co., 63 App. Div. 356, 71 N. Y. Supp. 513; Goodrich v. McDonald, 112 N. Y. 157, 19 N. E. 649. The complaint as against the defendant surety company must be dismissed, with costs.

Complaint as against defendant surety company dismissed, with costs.