(86 App. Div. 321.)

### POMERANZ v. MARCUS.

(Supreme Court, Appellate Division, Second Department.   July 24, 1903.)

1. ATTORNEY AND CLIENT—SETTLEMENT BY CLIENT—RIGHTS OF ATTORNEY—
    APPEAL—PARTIES—APPEAL BY CLIENT—DISMISSAL.
        A cause having been settled by the parties without knowledge of de-
    fendant's attorney, and his motion that the cause, which had been
    marked "Settled," be restored to the calendar for the purpose of pro-
    tecting his rights in regard to costs, having been denied, an appeal from
    the order of denial purporting to be taken by defendant, and not by his
    attorney, would be dismissed because not taken by a party aggrieved.

Appeal from Special Term, Kings County.

Action by Israel Pomeranz against Louis Marcus. Appeal by defendant from an order (82 N. Y. Supp. 707) denying a motion made by his attorney to restore the cause to the calendar, for the purpose of determining the attorney's rights to taxable costs in the action. Appeal dismissed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCH-BERG, and HOOKER, JJ.

Gustavus A. Rogers, for appellant.
Rudolph Marks, for respondent.

WILLARD BARTLETT, J.   After this action was at issue the defendant, without the intervention of his attorney, made a settlement with the plaintiff, and exchanged general releases and consents to a discontinuance.   Subsequent to such settlement, when the case was finally called for trial, the trial court was informed on behalf of the plaintiff that it had been settled, and, although the defendant's attorney answered "Ready," the court marked the case "Settled," against his objection.   The defendant's attorney, alleging that the settlement was made without his knowledge or consent, and collusively for the purpose of defrauding him of his costs, thereafter moved the trial term for an order to restore the case to the calendar for trial, "for the purpose of protecting the rights of the defendant's attorney, and for the purpose of determining his right to the taxable costs of this action to date."   The motion was denied, and the present appeal was taken.

It is to be observed that the appeal purports to be by the defendant himself, and not by the attorney for the defendant.   If the attorney himself was the appellant, the case would seem to fall within the doctrine of National Exhibition Company v. Crane, 167 N. Y. 505, 60 N. E. 768.   In the case cited, after issue joined in an action at law the defendant, after the cause was on the calendar and noticed for trial, without the knowledge or consent of his attorney, and without

paying or providing for the payment of his costs, and for the purpose of depriving him of his costs, stipulated with the plaintiff that the action might be discontinued without costs. The Court of Appeals held that under such circumstances the Supreme Court was vested with discretionary power to impose the payment of costs to the defendant's attorney by the plaintiff, as a condition of the granting of an order discontinuing the action on the application of the plaintiff; and an order of the Appellate Division in the First Department, reversing a Special Term order which had denied such relief, was affirmed. In the case at bar, the action of the trial judge in marking the case "Settled," at the instance of the plaintiff and over the remonstrance of the defendant's attorney, was in substance and effect a discontinuance of the action; and under the doctrine of the Crane Case it must be regarded as having deprived the attorney of the protection to which he was entitled against the collusive settlement by the parties themselves. In the Crane Case, however, the attorney himself was the appellant before the Appellate Division. This appears from the report of the decision in that court. 54 App. Div. 175, 66 N. Y. Supp. 361. Here, as we have already pointed out, the appeal is not taken by the attorney, but purports to have been taken by the defendant himself. But the defendant was in no wise aggrieved by the order, and has no status to appeal. It may very well be that the appeal, although in the name of the defendant, is solely the act of his attorney; but we are bound by the record in regard to the identity of the appellant, and cannot assume that the attorney has appealed, in the absence of any notice of appeal in his name or behalf. Indeed, the notice of an appeal taken by him would have to be served upon his client, the defendant, and upon such an appeal the defendant would be a respondent.

In this condition of the record, we have no alternative but to dismiss the appeal.

Appeal dismissed, without costs. All concur.