POMERANZ v. MARCUS.

Appeal of ROGERS.

(Supreme Court, Appellate Division, Second Department.    April 29, 1904.)

1. ACTION—SETTLEMENT—DISCONTINUANCE.
     The action of the trial judge in marking a cause "settled," at the instance of plaintiff, was equivalent to a discontinuance of the action.

2. SAME—FRAUD ON ATTORNEY—COSTS.
     Where an agreement between the parties to a cause for a settlement and discontinuance is collusive, for the purpose of defrauding defendant's attorney of his costs, a discontinuance should not be granted save on condition that defendant's attorney be paid his costs.

Action by Israel Pomeranz against Louis Marcus. Appeal by Gustavus A. Rogers, the defendant's attorney, from an order denying a motion by the attorney to restore the cause to the calendar for the purpose of determining his rights to taxable costs.   Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Gustavus A. Rogers, in pro. per.

Maxwell G. Cohen, for plaintiff and respondent Pomeranz.

WILLARD BARTLETT, J.   This case was before the Appellate Division in July last, when the appeal was dismissed because the attorney who claimed to be aggrieved by the order appealed from was not the appellant.   Pomeranz v. Marcus, 86 App. Div. 321, 83 N. Y. Supp. 711.   The attorney has now appealed, and we think that he is entitled to a reversal of the order, upon the authority of the case of National Exhibition Co. v. Crane, 167 N. Y. 505, 60 N. E. 768.   The allegation in the moving affidavit, that the settlement between the parties was collusive, for the purpose of defrauding the defendant's attorney of his costs, was not denied.   As was said on the previous appeal, the action of the trial judge in marking the case "settled" was equivalent to a discontinuance of the action.   In view of the uncontradicted allegation that the settlement was collusive and fraudulent, a discontinuance should not have been granted without protecting the defendant's attorney.   We do not question the right of parties to settle their cases, which is so strongly asserted by the learned trial judge in his opinion; but under the doctrine of the Crane Case, above cited, this right does not extend so far as to compel the court to carry the settlement of a litigation into effect where it is made for the purpose of depriving an attorney of his costs.

The order appealed from should be reversed, and the case restored to the calendar at Trial Term.   When it is duly called for trial, if the parties show the court that a settlement has been effected without collusion for the purpose of depriving the defendant's attorney of his costs, they will be entitled to an order of discontinuance.   If, on the other hand, it appears that the settlement was collusive and fraudulent, a discontinuance may be refused, except upon terms which will protect the attorney for the defendant.

Order reversed, with $10 costs and disbursements.   All concur.