HARRIET M. GILDERSLEEVE, Plaintiff, *v.* CHARLES S. REITZ et al., Defendants.

(County Court, Nassau Special Term, May, 1913.)

Liens — in action brought by guardian to foreclose mortgage — attorney and client — pleading — Judiciary Law, § 475.

Where the answer in an action brought by a guardian *ad litem* was only a general denial, and the complaint was dismissed with costs to defendant against the guardian individually, so much of the report of the referee, in surplus proceedings upon the foreclosure of a mortgage on premises owned by the guardian *ad litem* as tenant by the curtesy and the infant and another as tenants in remainder, as determines that defendant in the action brought by the guardian *ad litem* is indebted to his attorneys in the amount of the judgment for costs for services and that they have a lien for the same will be set aside, as, the answer containing no counterclaim, the attorneys under section 475 of the Judiciary Law had no lien.

MOTION to confirm report of referee in surplus money proceedings.

County Court, Nassau County, May, 1913.     [Vol. 80.

Benjamin Weiss, for defendant Parliman.

Harry W. Moore, for defendants.

NIEMANN, J.   In 1907, the defendant Charles Reitz, as guardian *ad litem* for Laura V. Reitz, now the defendant Laura V. Graves, who was then an infant, brought an action against Clifford Parliman, which resulted in a judgment dismissing the plaintiff's complaint with costs in favor of the defendant Parliman against Reitz individually.   The answer of Parliman was a general denial, containing no cause of action, claim or counterclaim. ·The plaintiff herein foreclosed a mortgage on premises owned by the defendants Charles Reitz as tenant by the curtesy and Charles S. Reitz, Jr., and Laura V. Graves as tenants in remainder.   After the mortgage and expenses incurred had been paid, there remained a surplus of $361.06. Thereupon Parliman commenced this surplus money proceeding, his judgment for costs being a charge upon the share of Charles Reitz.   Wyckoff, Clarke & Frost, who were the attorneys for Parliman, claim a lien for unpaid legal services upon the judgment for costs and seek to have it established in this proceeding.

Section 475 of the Judiciary Law provides as follows:   "From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim; which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in *whosoever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judg-

---

* So in original.

ment or final order. The court upon the petition of the client or attorney may determine and enforce the lien.''

The effect of this provision as to an attorney for a plaintiff is (1) that he has a lien from the commencement of an action or special proceeding upon his client's cause of action or claim, and (2) that such lien attaches to the verdict, report, decision, judgment, or final order in his client's favor. As to an attorney for a defendant, the effect of this provision is (1) that he has a lien from the time of the service of an answer containing a counterclaim, upon his client's counterclaim; and (2) that such lien attaches to the verdict, report, decision, judgment or final order in his client's favor.

Under the said provision of the Judiciary Law, the lien of a defendant's attorney comes into existence upon the service of an answer *containing a counterclaim.* The answer of Parliman did not contain a counterclaim, therefore the attorneys have no lien. Nat. Exhibition Co. v. Crane, 167 N. Y. 505; White v. Sumner, 16 App. Div. 70; Crossman v. Smith, 116 id. 791; Pierson v. Safford, 30 Hun, 521; Longyear v. Carter, 88 id. 513; Saranac & Lake Placid R. R. Co. v. Arnold, 37 Misc. Rep. 514; Fromme v. Union Surety & Guaranty Co., 39 id. 105.

Another objection made to the referee's report is that an attorney's lien cannot be established and enforced in such a proceeding as this. The last sentence of section 475 of the Judiciary Law says that '' The court upon the petition of the client or attorney may determine or enforce the lien.'' In Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y. 492, the court said (p. 502) : '' The remedy provided by the Code by means of a petition is not exclusive, but cumulative, for a court of equity has always had power to ascer-

County Court, Nassau County, May, 1913.    [Vol. 80. Misc.]

tain and enforce liens.'' It may be that an attorney's lien could be established and enforced in a proceeding of this character. I am placing my decision solely upon the ground that in view of the limitations of the statute, confining the lien of a defendant's attorney to a case where the answer contains a counterclaim, I am constrained to hold that the claimants Wyckoff, Clarke & Frost have no lien.

The exceptions to said referee's report filed by the defendant Parliman should be sustained, and so much of said report as determines that the claimant Clifford Parliman is indebted to the claimants Wyckoff, Clarke & Frost for services and that they have a lien for the same set aside, and the said report in all other respects should be confirmed. A final order will be entered accordingly, which will be settled upon two days' notice, at which time the question of costs and referee's fees will be adjusted.

Ordered accordingly.